, No. 24,077.

Mary Soptich, *Appellant,* v. Sonken Galamba Iron & Metal Company, *Appellee.*

### SYLLABUS BY THE COURT.

Damages from Fire—*Findings Supported by Substantial Evidence.* Where special findings of a jury are supported by substantial evidence and approved by the trial court they will not be set aside upon appeal.

Appeal from Wyandotte district court, division No. 3; William H. Mc-Camish, judge. Opinion filed July 7, 1923. Affirmed.

*J. H. Brady,* and *T. F. Railsback,* both of Kansas City, for the appellant.

*E. S. McAnany, M. L. Alden,* and *T. M. Van Cleave,* all of Kansas City, for the appellee.

The opinion of the court was delivered by

Harvey, J.: This is an action for damages. There was a trial to a jury, special questions were answered and a general verdict was returned for the plaintiff. Plaintiff filed motions to set aside the special findings and for a new trial, which motions were overruled. Defendant moved for judgment upon the special findings, notwithstanding the general verdict, which motion was sustained, and plaintiff has appealed.

The Sonken Galamba Iron & Metal Company, dealers in junk, had extensive yards and warehouses in the "bottoms" in Kansas City, Kan. As a part of its plant it had a large warehouse where rags were handled in large quantities, some baled and some loose. On Saturday evening about six o'clock a fire originated in the plant, which rapidly became a conflagration and burned the property of the company and several small residences near by. Plaintiff was the owner of one of the residences burned. She sued the company for her loss, and alleges negligence on the part of the officers, agents and employees of the company in the setting out of the fire and in not taking proper means to control the fire after it was discovered. Instruction No. 3 stated the issue submitted to the jury as follows:

"There is no evidence before you, gentlemen, that the fire was placed upon the premises by the defendant as charged in the petition, consequently you cannot find against the defendant on any ground connected with the setting out of the fire. The only matter which is to be submitted to you for consideration is: Whether or not the defendant, after discovering the existence of the fire exercised due care in calling the fire department and calling for assistance in extinguishing the fire."

The jury answered special questions as follows:

"1. If you find that an officer or agent of defendant discovered said fire, state what time he discovered it?  Answer.  No evidence.

"2. If you find that an officer or agent of the defendant discovered the fire, state the name of such officer or agent.  Answer.  No evidence.

"3. If you find that an officer or agent of defendant discovered the fire, state where he was and what he was doing when he discovered it.  Answer. No evidence.

"4. Who turned in the alarm that brought the fire department?  Answer. No evidence to show.

"5. At what time was said alarm turned in?  Answer.  6:25 p. m., March 19, 1921."

Appellant does not complain of the instructions but contends that there was evidence to the effect that the fire broke out between 5:30 and 6 o'clock; that Morris Galamba, superintendent of the plant, and John Gleaton, day watchman, did not leave the plant until a few minutes after six and that their names should have been inserted in the answers.  All the evidence in the case was offered by the plaintiff.  There was testimony from several persons in the neighborhood that the fire broke out before six o'clock, but their evidence does not show any very accurate way by which they fixed the time.  It was Saturday afternoon and there were no workmen at the plant.  John Gleaton was the day watchman.  Morris Galamba was superintendent of the plant.  The night watchman came on duty at six o'clock and the day watchman went with him through the plant to see that everything was all right at the time he went off duty and the night watchman went on.  Gleaton did that on the evening in question and checked out by the time clock, and that showed that he had checked out at 6:10 and he and Morris Galamba left the plant within two or three minutes thereafter.  The night watchman was not called as a witness, but Galamba and Gleaton both testified that there was no fire at the plant at the time they left it.  Gleaton went two or three blocks with Galamba in an auomobile to the car line to take a street car for home.  He let the first one pass because it was crowded, but got on the next one.  Soon after getting on the street car he noticed a smoke in the direction of the plant, and after riding a few blocks more got off the street car and went back to the plant.  When he got to the plant he found the night watchman in the office trying to use the telephone, and looked out of the window and saw the fire department at the gates trying to get in.  The records at the fire department headquarters

show that the alarm was turned in to the department at 6:25 and the firemen testified that they were at the plant in a minute and a half or two minutes after the alarm was turned in. From this evidence, which showed positive records as to time, it could not have been more than fifteen minutes from the time Galamba and Gleaton left the plant, at which time there was no fire, until Gleaton returned, found the night watchman trying to use the telephone and the fire department on the ground. The plant was then in flames. No doubt the jury regarded this accurate evidence as to time controlling rather than the estimate of time given by other witnesses, and we cannot say they committed error in so doing. It is clear, of course, if the answers to the first four questions stand, there can be no liability on the company. The findings have substantial evidence to support them, they were approved by the trial court, and this court cannot set them aside. The judgment of the court below is affirmed.