No. 25,915.

W. H. BROWN et al., *Appellees*, v. (WILLIAM BYERS) NELLIE A.
BYERS, *Appellant.*

SYLLABUS BY THE COURT.

1. TRIAL—*Verdict—Conflicting Evidence.* There was evidence to support the
verdict of the jury although there was evidence contrary thereto. The rule
followed that the verdict of a jury will be upheld when it is sustained by
evidence.

2. FRAUDS, STATUTE OF—*When Available.* Under the circumstances of this case,
the statute of frauds is not available to the defendants as a ground for re-
versing the judgment rendered against them in the district court.

Appeal from Leavenworth district court; JAMES H. WENDORFF, judge. Opin-
ion filed May 9, 1925. Affirmed.

*Arthur M. Jackson,* of Leavenworth, for the appellant.

*J. E. McFadden,* and *O. Q. Claflin, Jr.,* both of Kansas City, for the ap-
pellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiffs sued to recover on an oral contract
alleged to have been made with them by Nellie A. Byers, under
which the plaintiffs were to perform services on a farm, for which
the plaintiffs were to receive $75 a month as wages, 10 per cent of
the wheat, 20 per cent of the corn, and 20 per cent of the hogs raised
on the farm during the year covered by the contract, September 1,
1919, to September 1, 1920. The plaintiffs alleged that the contract
was made about August 15, 1919. Judgment was rendered in favor
of the plaintiffs against Nellie A. Byers, who appeals.

This is the second time this case has been in this court. The first
is reported in 115 Kan. 492. There, the judgment was reversed be-
cause the jury either disregarded the court's instructions or failed to
give proper consideration to the undisputed testimony in the case.

1. Nellie A. Byers argues that there was no evidence to support
the verdict of the jury. There was evidence which tended to show
that William Byers, for Nellie A. Byers, contracted with the plaintiffs
to pay them $75 a month for one year for working on the farm of
Nellie A. Byers and to give them 10 per cent of the value of all the
wheat, 20 per cent of the value of all the corn, and 20 per cent of the
value of all the hogs raised on the farm for one year. Both of the

plaintiffs testified to those facts, but the defendants testified to the contrary. The evidence showed that the plaintiffs worked on the farm from September 1, 1919, to July 3, 1920, and during that time lived on the premises; that a dispute arose concerning what the plaintiffs were to receive for their services; and that they were then put off the land and were not permitted to perform completely the contract. The controversy at the trial was over the terms of the contract. This is a case where the jury arrived at a verdict on conflicting evidence and where the verdict was sustained by evidence. Such a verdict is final and conclusive in this court and compels an affirmance of the judgment unless the statute of frauds compels the court to do otherwise.

2. It is suggested that, under section 33-106 of the Revised Statutes, the contract is unenforceable because it was not in writing and was not to be performed within one year. We quote from the brief of Nellie A. Byers as follows:

"Your honors will observe, too, that the oral contract relied on by plaintiffs could not possibly be performed within one year unless the plaintiffs showed by a preponderance of evidence that they were entitled to their claimed percentage of the value of the crops and hogs on or before September 1, 1920, and, failing to do this, the oral contract would come within the bar of the statute of frauds of this state."

All the conditions named by Nellie A. Byers under which she admits the plaintiffs can maintain their action were established by the evidence. The plaintiffs had raised wheat, corn, and hogs on the farm and were entitled to their share of what had been raised. Settlement could and might have taken place before September 1, 1920, if the plaintiffs had been permitted to perform fully their contract. The statute of frauds was not pleaded; no evidence was introduced specifically directed to that question; no instruction was asked concerning it; the attention of the trial court does not appear to have been directed to it; and it was not presented to this court when the case was here before. The question appears to be raised now for the first time. The attention of the trial court should have been directed to this question in order to make it available as a basis for reversing the judgment.

The plaintiffs rendered the major portion of the services required under the contract, although they were ejected from the farm before the contract was fully performed. They had an interest in the wheat, the corn, and the hogs. If Nellie A. Byers is permitted to

prevail because the contract did not comply with the statute of frauds, she will commit a fraud on the plaintiffs by inducing them to render service under the contract, by refusing to permit them to comply fully with their contract, by ejecting them from the premises on which the services were to have been rendered, and by not paying them the compensation agreed on.

In 27 C. J. 343, the following language is found:

"Where one party to an oral contract has, in reliance thereon, so far performed his part of the agreement that it would be perpetuating a fraud upon him to allow the other party to repudiate the contract and to set up the statute of frauds in justification thereof, equity will regard the case as being removed from the operation of the statute and will enforce the contract by decreeing specific performance of it, or by granting other appropriate relief."

The present case comes within that rule.

The judgment is affirmed.