No. 26,796.

JACOB STECKLEIN, SR., *Appellant*, v. CARL J. STECKLEIN (*Appellee*) and CORNEAL J. STECKLEIN, *Appellant*.

SYLLABUS BY THE COURT.

1. DEEDS—*Action to Set Aside—Fraud or Deception—Sufficiency of Evidence.* In an action to set aside a deed on the ground that its execution had been procured by deception or fraud practiced upon the grantor, the evidence considered and held sufficient to sustain a finding that the grantor knowingly executed the deed for the purposes therein stated.

2. APPEAL AND ERROR—*Review—Special Findings.* Where special findings are supported by substantial evidence, and have been approved and confirmed by the trial court, they will not be set aside on appeal.

3. VENDOR AND PURCHASER—*Interest Resting upon Parol Agreement—Disposition by Parol.* Under the facts and circumstances stated in the opinion it was not necessary in order to divest the grantee of title which rested in parol that he make a conveyance thereof in writing.

4. TRIAL—*Special Findings—Necessity for Timely Request.* The right to special findings is statutory, but the request for such findings must be timely.

Appeal and Error, 4 C. J. pp. 876 n. 71, 1060 n. 20. Cancellation of Instruments, 9 C. J. p. 1256 n. 25. Deeds, 18 C. J. p. 447 n. 46. Frauds, Statute of, 27 C. J. p. 205 n. 14. Trial, 38 Cyc. pp. 1954 n. 16, 1957 n. 33, 1959 n. 49, 1990 n. 10.

5. APPEAL AND ERROR—*Review—Failure to Make Additional Findings—Prejudice.* A case will not be reversed for failure to make additional findings unless it appear that the complaining party suffered substantial prejudice by the court's refusal to grant a request therefor.

Appeal from Ellis district court; JACOB C. RUPPENTHAL, judge. Opinion filed July 10, 1926. Affirmed.

*J. E. Driscoll,* of Russell, *E. A. Rea* and *E. C. Flood,* both of Hays, for the appellant.

*A. D. Gilkeson,* of Hays, *Guy L. Hursh* and *Silas Porter,* both of Topeka, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was one to set aside a deed to certain lands in Ellis county. The plaintiff and interpleader were defeated, and appeal.

The facts were substantially these: The plaintiff, about seventy years old, had lived in Ellis county forty-eight years. He had three sons and a daughter. He had accumulated about two thousand acres of land. The sons worked thereon, and as they grew to manhood the father apportioned to each some of the land, which the sons continued to farm. In 1915 an arrangement was made between the father and sons whereby each son was to have 560 acres of the father's land. They were to place such improvements thereon as they desired, pay the taxes, and pay to the father during his lifetime such portion of the crops raised each year as he might demand, and at the death of the father each son was to receive title to the land allotted him. Pursuant to this arrangement each son took possession of 560 acres of land, placed improvements thereon, farmed it, and paid the taxes.

The plaintiff sought to set aside a deed to 720 acres of land which included the 560 which had been in possession of Carl and 160 previously allotted to Corneal. Corneal continued in possession of the 160-acre tract until the time of the commencement of this action. During his occupancy he placed thereon improvements consisting of a granary, barn, shed, windmill, pump and some fences. The plaintiff's wife died February 2, 1917, and four or five days thereafter the plaintiff and the three sons conferred with reference to the land each had been farming since 1915. It was agreed among them that each was to retain the land he then occupied, and on February 17, 1917, the father executed his will dividing the land in accordance with such

arrangement, the three sons being present at the time of the execution of the will. Later a dispute arose concerning the property. The defendant testified that in a talk between the father and the three sons regarding the land, had in March, 1918, the father stated that he contemplated marriage, for which reason he would execute deeds to each of the sons; that Carl did not have as good land as the others, and that he would give Carl an extra quarter (the 160-acre tract in controversy) and that later he would give Corneal another tract to take its place; that a day or two later the father stated that he had had Mr. Simminger (then a practicing lawyer at Hays, who died in October, 1918) draw the deeds; that the next day the father and the sons went to Hays, at which time a deed was handed by the father to each of the sons. The plaintiff's contention is that the deed in question was never executed by him, never acknowledged, never delivered; that he never authorized any person to execute or deliver the deed to the defendant; and that if the deed bore his signature he received no compensation therefor, and that his signature thereto was secured by some artifice, deception or fraud practiced upon him.

The action was tried to a jury, which returned special findings to the effect, substantially, that the interpleader Corneal Stecklein, under the original agreement entered into in 1915, entered into possession of the land in controversy; that he continued to farm it, either in person or by a tenant, up to the time of the commencement of this action; that the plaintiff signed the deed in question in the presence of the defendant Carl Stecklein and F. W. Arnhold; that Arnhold, as a notary public, took plaintiff's acknowledgment; that the plaintiff acknowledged the execution of the deed before Arnhold and delivered it to the defendant; that the plaintiff went with his son Carl, the defendant, to Arnhold at a bank at Hays; that he then had in his possession the deed which had been prepared; that it had been prepared by some one selected for that purpose by the plaintiff; that the plaintiff acknowledged and delivered it, knowing that it was in form a deed, and that he intended thereby to make conveyance of the land; also, that the defendant Carl Stecklein paid a consideration for the deed in question by previous services to his father. The plaintiff and interpleader, Corneal, filed motions to set aside certain of the special findings, and Corneal also requested the court to make additional findings, which request was denied. The court overruled the motions of the plaintiff and inter-

Stecklein v. Stecklein.

pleader, approved the findings of the jury, and entered judgment thereon in favor of the defendant.

The plaintiff contends that the evidence was inconsistent with the finding of the jury that he knowingly executed the deed, or that the finding of the jury was induced by its passion and prejudice. He says, however:

"Corroborating the testimony of the defendant himself, regarding the execution and delivery of the deed, there was of course the deed itself in his possession at least from the time it was recorded by him in October, 1922. There was also the testimony of F. W. Arnhold, the notary public, whose certificate of acknowledgment appears on the deed, that the plaintiff actually signed the deed in question on March 28, 1918."

While the testimony was disputed at many points, an examination of the record discloses substantial evidence to sustain the findings of the jury. The findings, having been approved by the trial court, according to the oft-repeated rule, cannot be set aside by a reviewing court.

Complaint is specifically made to certain of the findings, the plaintiff contending that such findings were inconsistent with or contrary to the evidence. We have examined the record and are unable to say that there was not sufficient testimony to support each of the findings as made.

It is contended by Corneal Stecklein, the interpleader, that the family arrangement made between the plaintiff and his three sons in 1915 was in effect a contract to make a will or some equivalent conveyance conveying upon the death of the father the full legal title to each son of the particular land placed in his possession; also, that the previous years of service rendered by each of his sons to the father in his farming and assisting in the accumulation of his land was sufficient valuable consideration to support the oral terms of the agreement. Various authorities are cited in support of this contention. Conceding the rule contended for by the interpleader, it must be noted that this rule and the authorities cited do not go to the extent of declaring that where an interest in real estate rests on a parol agreement it is necessary, in order to divest the grantee of title, that he make conveyance thereof in writing. If the plaintiff could and did dispose of real estate which he owned absolutely by parol, then certainly Corneal could dispose of any interest he acquired therein through such parol arrangement with his father by parol. There is substantial testimony in the record showing that Corneal, the interpleader, agreed that the tract of land in contro-

versy should be conveyed by the father to the defendant. Under the circumstances the claim of the interpleader cannot be sustained.

The interpleader contends that the court erred in refusing to set aside certain of the findings of the jury and to make other findings requested by him. The motion was filed and request made after the jury had returned its answer to the various questions already submitted. The right to special findings is statutory (R. S. 60-2921; *Nordman v. Johnson,* 94 Kan. 409, 146 Pac. 1125; *Wisner v. Chandler,* 95 Kan. 36, 147 Pac. 849; *Alexa v. Alexa,* 108 Kan. 38, 193 Pac. 1083; *Higbee v. Bloom,* 108 Kan. 723, 196 Pac. 1080), but the request for such findings must be timely, and in order to warrant a reversal for failure to make additional findings, it must also appear that the complaining party suffered substantial prejudice.

In *Marquis v. Ireland,* 86 Kan. 416, 121 Pac. 358, it was said in the opinion:

"A final complaint is that the court refused to make written findings of fact and conclusions of law, although requested to do so. The request was not made until after the evidence had been introduced and the arguments upon the merits begun. In *Wilcox v. Byington,* 36 Kan. 212, 12 Pac. 826, it was said that the general rule of practice is for such request to be made either just before or at the close of the argument. It would seem that in fairness to the trial court the request ought to be made before the argument is begun, and indeed before the evidence is introduced, in order that attention may be given to this aspect of the matter as the evidence goes in. However, it is sufficient for present purposes to say that it does not appear that any substantial prejudice resulted to the appellant from the omission of the court to make more specific findings." (p. 419.)

The interpleader was late in making his request, and does not appear to have suffered any substantial prejudice by the court's refusal to make the additional findings requested. Complaint is made of the findings and action of the trial court with reference to certain improvements put upon the land in controversy by Corneal. It appears that the court made an order permitting him to remove the improvements upon the theory that they were temporary improvements only. We cannot say that there was no evidence to sustain the findings of the jury in this regard. The finding was confirmed by the court, and under the circumstances furnishes no basis for a reversal. Other complaints are not of sufficient moment to require discussion.

The judgment is affirmed.