No. 28,858.

Fred Wendt, *Appellee*, v. Rudy Termier, *Appellant*.

(282 Pac. 588.)

Opinion filed December 7, 1929.

*H. E. Dean* and *E. E. Martin*, both of Kansas City, for the appellant.
*William E. Carson*, of Kansas City, for the appellee.

The opinion of the court was delivered by

Hopkins, J.: The action was one to recover on an oral contract

for the sale of a crop of horse-radish. Plaintiff prevailed, and defendant appeals.

The facts, told substantially by the jury's findings, were to the effect that the defendant Termier agreed to take plaintiff's crop of horse-radish; that Max Wendt, son of the plaintiff, was present when the agreement between Tremier and the plaintiff was made; that the date and place of the agreement was the latter part of February, 1927, at the Wendt home; that the plaintiff had on hand after delivery of a load to Termier on March 30, 1927, 7,012 pounds of No. 1 grade horse-radish and 3,613 pounds of No. 2 grade.

The defendant contends that the general verdict and answers to special questions were in irreconcilable conflict and that there was no evidence to support either the general or special verdict. With this contention we cannot agree. While there was conflicting testimony, a reading of the record leads us to the conclusion that the special questions were not in conflict and that they were based on ample evidence. It was the province of the jury to weigh the evidence and determine which of the two conflicting views had been established (*Harris & Hanes v. Railroad Co.,* 117 Kan. 468, 232 Pac. 264), and where special findings of the jury are supported by substantial evidence and approved by the trial court they will not be set aside on appeal. (See *Soptich v. Iron & Metal Co.,* 114 Kan. 19, 216 Pac. 831; *Brown v. Byers,* 118 Kan. 503, 235 Pac. 866; *Stecklein v. Stecklein,* 121 Kan. 490, 247 Pac. 449.)

The plaintiff was entitled to the benefit of the contract that the defendant would take all his horse-radish.

The judgment is affirmed.