No. 38,176

ARTHUR POWELL, *Appellee*, v. GERALD MCCHESNEY, *Appellant*.

(228 P. 2d 925)

filed March 10, 1951. Opinion

*Aldeverd Metcalf*, of Oberlin, was on the briefs for the appellant.

*Wallace T. Wolfe*, of Oberlin, and *E. E. Kite*, of St. Francis, were on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: Defendant appeals from a decision of the trial court overruling his demurrer to the plaintiff's petition.

For purposes of information and because much of it is incorporated by reference in the petition under consideration, it is noted that in 1948 the present plaintiff, Arthur Powell, and the present defendant, Gerald D. McChesney, entered into a farming partnership agreement. In May, 1949, Adeline J. Powell commenced an action for divorce against Arthur Powell. McChesney obtained permission to file an intervening petition in that action, setting up facts concerning that partnership; that the property involved in the action was also involved in the partnership and asking that any distribution of property in the divorce action be made subject to the partnership agreement. To this intervening petition Arthur Powell filed an answer containing a series of allegations not stated

in the nature of separate causes of action, but alleging an oral agreement as to a partnership between him and McChesney and a course of dealing thereunder, the execution by McChesney to Powell of a note for $3,300 and of a chattel mortgage on livestock to secure the note; the execution by McChesney to Powell of another note for $1,000; the execution of a third note by McChesney to Powell for $700 secured by a chattel mortgage on growing wheat; as well as other allegations as to violations of the partnership agreement; that the oral agreement was void and unenforceable under G. S. 1935, 33-106, and that for all reasons stated, Powell repudiated and dissolved the partnership and stated a full accounting should be had.

It appears that a trial on the issues so joined was commenced on October 3, 1949, and that the trial court at some later date made some findings of fact, including one that the defendant had not dissolved the partnership nor made any demand for an accounting other than that contained in his answer; that the oral partnership agreement violated the statute of frauds; that the several notes and chattel mortgages above mentioned were not made as a part of the partnership agreement, and were valid obligations of McChesney and that the debts had not been paid. It concluded as a matter of law that Powell was not entitled to dissolve the partnership for the reasons set forth in his answer; that the court could not therefore decree dissolution of the partnership; that a *de facto* partnership existed; and without setting forth all details, that a partnership at will existed, and that judgment should be entered in accordance with the findings and conclusions. As a result of some proceedings not definitely shown by the abstract some additional findings of fact and conclusions of law were made on December 14, 1949, among the latter being that a partnership at will existed between the parties and that the same might be terminated at any time by either party on proper demand therefor, and "judgment is rendered in this action and all matters and differences adjudicated in accordance with the findings of fact and conclusions of law heretofore made by the court." If any more specific journal entry of judgment was filed the present abstract does not disclose it. It does contain a supplemental journal entry showing date of December 14, 1949, that the trial court had taken under advisement on October 22, 1949, the issues between Powell and McChesney and had made known its conclusions that a certain exhibit, not shown, was not sufficient under the statute of frauds, that

the partnership agreement for the duration of three years was unenforceable and that Powell had suggested the trial court retain jurisdiction and allow him and McChesney to file additional pleadings looking toward a liquidation of the partnership and an accounting of the partnership; that the court being advised of the suggestion announced it would not be followed unless McChesney consented; that McChesney announced he would not consent, and the court thereupon decreed that an accounting of the partnership be refused in that action.

On December 27, 1949, Powell commenced the present action against McChesney, his petition alleging four causes of action. The first cause of action was for recovery on the $1,000 note of McChesney to Powell previously mentioned. The second cause of action was upon the $700 note and for foreclosure of the chattel mortgage to secure it, both previously mentioned. The third cause of action was upon the $3,300 note and for foreclosure of the chattel mortgage to secure it, both previously mentioned. The fourth cause of action alleged the formation of the partnership under oral agreement for three years, and that it was unenforceable as to that period of time under the statute of frauds. There were extended allegations of the operation of the partnership from its inception until December 17, 1949, at which time Powell caused to be served on McChesney a written demand for dissolution of the partnership and for an accounting, a copy of the demand being attached to and made a part of the petition. Petitioner prayed at length for judgment on the notes and chattel mortgages; that the partnership be determined to be terminated and for a full accounting.

As the result of McChesney's motion to make more definite and certain, which was sustained in part, Powell filed a supplement to his original petition alleging that the partnership agreement alleged in his fourth cause of action was the same agreement as that set forth in the case of *Powell v. Powell* heretofore mentioned; that the instruments alleged in his first three causes of action were the same as those set forth in his answer in *Powell v. Powell,* and that he adopted the journal entry showing proceedings of October 3, October 10, October 22 and December 14, 1949, with respect to the issues between him and McChesney in *Powell v. Powell,* by reference and as though incorporated in his petition verbatim.

After the petition had been supplemented as above stated, Mc-

Chesney filed his demurrer to the petition and each cause of action attempted to be stated therein on the ground that facts sufficient to constitute a cause of action were not stated. This demurrer was overruled and from that ruling McChesney has appealed to this court.

In connection with his argument that the trial court erred in ruling on his demurrer to the petition, appellant presents two principal contentions, which in a summary way are (1) that the petition disclosed that the issues as to appellant's liability on the notes and chattel mortgages set out in appellee's causes of action 1, 2 and 3, and as to the existence of the partnership and an accounting set out in cause of action 4, were the same as those presented in the case of *Powell v. Powell,* above mentioned, and as the issues presented were between the same parties, the judgment in *Powell v. Powell* barred the present action; and (2) that the petition alleged an oral contract of partnership for a term of three years; that such an agreement was within the statute of frauds and the instant action cannot be maintained.

In support of his first contention appellant directs attention in detail to the allegations in appellee's answer in *Powell v. Powell,* and in the petition now under attack and that the same notes and partnership which were involved in *Powell v. Powell* are presented again in the instant case.

Fundamentally, appellant's argument is that in *Powell v. Powell,* the trial court had jurisdiction of the parties and of the subject matter of the partnership and that its findings, orders and judgments as to all matters which were or could have been litigated are conclusive and cannot be relitigated in the action now before us, citing in support *Wharton v. Zenger,* 163 Kan. 745, 186 P. 2d 287. The rule is correctly stated, but the conclusion of the appellant does not fully follow. It is true that as *Powell v. Powell* proceeded the trial court found that the three notes of McChesney to Powell and the two chattel mortgages were not made as a part of the partnership, and that they constituted valid obligations, and that insofar as those matters were concerned a judgment was entered. Each finding so made was favorable to Powell and against McChesney who did not appeal and those findings and judgments became final. The trial court also found that the oral partnership agreement was within the statute of frauds and therefore the

partnership was not one for three years but one at will, but no judgment as to the partnership was rendered. Appellant's complaint, however, is that Powell's right to an accounting was also finally determined. The record has been recited heretofore, but as to that phase the trial court held that as Powell had not pleaded that prior to the filing of his answer asking for such relief he had given McChesney notice of the termination of the partnership nor made a demand for an accounting, and that McChesney refused to consent to the court's retaining jurisdiction and allowing the filing of additional pleadings, such relief was refused in that action. After the rendition of the last judgment Powell commenced the instant action by filing the petition now under attack and in which he alleged the giving of the notice of dissolution of the partnership and a demand for accounting, thus bringing before the court a change of condition, pleading new facts and elements and presenting a situation which did not exist when judgment was rendered in *Powell v. Powell* denying dissolution of the partnership and an accounting of its affairs. Perhaps Powell did a useless thing in again asking for judgment on his notes and chattel mortgages but if so, it did not harm McChesney.

We find it unnecessary to mention and treat at length the various cases and authorities mentioned in the briefs dealing with the doctrine of *res judicata* for it is clear that under the trial court's judgment in *Powell v. Powell,* the correctness of which is in no way challenged, the relief as to dissolution of the partnership and for an accounting of its affairs was denied solely because Powell had not pleaded service of a notice to terminate the partnership and of a demand for an accounting. This was in no sense a judgment on the merits nor could it have been. In effect it was a judgment that until notice and demand had been had and made, the action for dissolution and accounting was premature. In such a circumstance the judgment in *Powell v. Powell* was not a bar to the instant action. See *Seaton v. Hixon,* 35 Kan. 663, 12 Pac. 22, 50 C. J. S. (Judgments, § 628) p. 54, and 30 Am. Jur. (Judgments § 212) p. 947. Without further discussion we hold that the judgment in *Powell v. Powell* was not a final determination of Powell's right to have the partnership dissolved and to have an accounting. The trial court did not err in ruling on the demurrer on the ground just considered.

Appellant's second contention that the oral contract of partnership

for a period of three years was within the statute of frauds and unenforceable and that the instant action cannot be maintained, is at variance with his first contention that all matters concerning the partnership were adjudicated in *Powell v. Powell,* for he now contends that notwithstanding the trial court found the contract of partnership to be one at will that it is one under the statute of frauds, is indivisible and that no action on it may be maintained. We shall not determine his contention on the ground of inconsistency nor shall we treat every question in his argument. Appellee's petition did not allege a cause of action founded on the oral partnership contract. It alleged that such a contract was made but it also alleged that the contract was unenforceable as such and alleged facts showing that a partnership actually was formed and the activities of that partnership, and it was that partnership which the appellee sought to have dissolved and an accounting made of its affairs. The petition did not allege a cause of action founded on the unenforceable contract, and that being determined appellant's contention fails. But we may observe that if appellant's argument were sound it would mean that the court must leave either party without remedy against the other, and that if appellant had unjustly enriched himself, as the petition alleged he did, that nothing can be done about it. The statute of frauds is to prevent fraud and not to promote it, and is to be enforced in its spirit and not merely as to its letter. See *Hazen v. Garey,* 168 Kan. 349, 212 P. 2d 288, and as bearing on the question see *Longhofer v. Hervel,* 83 Kan. 278, 111 Pac. 483, and *Brown v. Byers,* 118 Kan. 503, 235 Pac. 866, and cases cited. Appellant's second contention cannot be sustained.

The judgment of the trial court is affirmed.