No. 42,756

SOMERSET ACRES WEST HOMES ASSOCIATION *Appellee*, v. CHARLES B. DANIELS, JR., and CHARLES B. DANIELS JR., INC., *Appellants*.

(383 P. 2d 952)

Opinion filed July 10, 1963.

*James R. Hoover,* of Prairie Village, argued the cause and was on the briefs for the appellants.

*Lyndus A. Henry,* of Overland Park, argued the cause and *Buford L. Shankel, David R. Gillman, Gwendolyn V. Falkenberg* and *Marvin Rainey,* all of Overland Park were with him on the briefs for the appellee.

The opinion of the court was delivered by

JACKSON, J.: The plaintiff association here is the incorporated association of the purchasers of homesites in Somerset Acres West, an

exclusive addition in Johnson county. The defendant is the developer of the addition, Mr. Charles B. Daniels, Jr.

The houses and sites in this subdivision were designed to be on the order of "estates" rather than simple lots and houses. The average worth of these houses is said to be in the neighborhood of $50,000.

Restrictions were placed on the use of the lots to maintain the prestige value of the subdivision, which was laid out in lots, blocks and streets with the exception of three tracts, known as Tracts A, B and C. Daniels designed two of the tracts, A and B, for business or a shopping center. The third tract, designated as C, had a small lake and for a number of years Daniels had planned to make this tract into a small park for the use of the public. Representations were made of this intent which, no doubt, aided in the sale of the lots. Daniels offered to convey this park or recreational area to the Homes Association. However, some members of the Association thought the group should first be incorporated to avoid any chance of liability in case of an accident in the park.

When the Homes Association was finally incorporated, Mr. Daniels was asked to convey Tract C to the Association. By this time Daniels had decided not to dedicate Tract C for park usage but to convey it for residential purposes.

The defendants first demurred to the petition and argue that the demurrer should have been sustained. However, it would appear that the demurrer did not state that the defects alleged appeared upon the face of the petition as required by G. S. 1949, 60-705. See *Babcock v. Dose,* 179 Kan. 298, 293 P. 2d 1007.

When Mr. Daniels offered Tract C to the Homes Association, they did not refuse but asked that acceptance be delayed until the group could be incorporated. Furthermore, there were a number of property owners who testified in the hearing of the case who were very desirous of having the park with its lake completed. These gentlemen had been influenced in buying by the promise of the recreational area and the lake. The Homes Association spent between $1400 and $1700 in enlarging and improving the lake and in purchasing furniture for the park.

The appellants urge that the statute of frauds has been violated and that Daniels will not be compelled to carry out the plan. However, it would seem that Daniels is estopped from relying on the statute of frauds. Since plans for the park were created and

announced before estates were purchased from Daniels and before the Homes Association had put in considerable money in improving the park site, we do not believe that Daniels may now sell Tract C for home sites. In the appellants' abstract is included a copy of the brochure which was published by Daniels and was given to all persons who purchased or were interested in purchasing estates. The brouchure contained a map of the subdivision, showing the layout of the addition and indicating clearly "Recreation Area with Lake."

We are informed that the statute of frauds was not raised in the court below. We believe that the case *Brown v. Byers*, 118 Kan. 503, 235 Pac. 866, is in point. The second paragraph of the syllabus in the Brown case reads as follows:

"Under the circumstances of this case, the statute of frauds is not available to the defendants as a ground for reversing the judgment rendered against them in the district court."

And in the opinion of this case we find the following:

"The plaintiffs rendered the major portion of the services required under the contract, although they were ejected from the farm before the contract was fully performed. They had an interest in the wheat, the corn, and the hogs. If Nellie A. Byers is permitted to prevail because the contract did not comply with the statute of frauds, she will commit a fraud on the plaintiffs by inducing them to render service under the contract, by refusing to permit them to comply fully with their contract, by ejecting them from the premises on which the services were to have been rendered, and by not paying them the compensation agreed on." (pp. 504, 505.)

The lower court provided that Daniels should give a deed to Somerset Acres West Homes Association as set out in the journal entry which reads as follows:

"It Is Therefore Ordered that the Defendant, Charles B. Daniels, Jr., should execute a proper deed to the property in question to the Somerset Acres West Homes Association, Incorporated, upon the payment by the Homes Association to Mr. Daniels of the sum of $297.22, the deed to contain a restriction that the property is to be used for lake site or park only and that when it ceases to be used for that purpose then it shall revert to the grantor, his heirs or assignees. Costs of the action should be taxed equally to the plaintiff and to the defendant.

"/s/ RAYMOND H. CARR,
"Judge, Division No. 3."

We believe the trial court should be affirmed. It is so ordered.

ROBB, J., dissents.