A. H. DOANE *et al.* v. ABSALOM BEVER *et al.*

No. 12,527. ( 65 Pac. 693.)

SYLLABUS BY THE COURT.

MECHANIC'S LIEN—*Statutory Provisions Must be Followed.* The mere fact that material supplied to one person is used in the construction of betterments on the land of another will not entitle the vendor to a lien on such land. Such lien may be acquired in the manner and upon the conditions prescribed in sections 5117–5131, General Statutes of 1901, and not otherwise.

Error from Cowley district court; W. T. McBRIDE, judge. Opinion filed July 6, 1901. Division two. Affirmed.

STATEMENT.

THIS action was brought by plaintiffs in error to foreclose a lien for lumber and material furnished in building a barn and chicken-house on the premises of the defendant Absalom Bever. Briefly stated, the essential facts are that Bever, an aged and indigent ex-union soldier, and his wife, resided at the little town of Floral, in Cowley county, and kept a small boarding-house. Several years before the transaction out of which this action grew occurred, another old soldier who was feeble in health and penniless came to Floral, and the defendants took him into their home and cared for him. During his stay several amputations were performed upon one of his feet and legs, and he had at least a partial stroke of paralysis. At considerable expense, and without the expectation of fee or reward, the Bevers housed, fed and tenderly cared for this man, whose name was Gustave Schwartz, until he had so far recovered as to be able, in his crippled condition, to get around by the aid of crutches, and he continued to reside with them until a short time before this case was commenced

About two years after the advent of Schwartz upon the scene, a small barn belonging to Bever was burned, and the latter called upon the plaintiffs and asked sixty days' credit on a bill of lumber of forty dollars to rebuild the same, but his request was refused. Soon thereafter Schwartz received a letter from the Honorable Richard W. Blue, then congressman at large, stating that a pension had been allowed to the former, and would be paid very soon.  Upon receiving such information, and being apprised of the unsuccessful effort which his benefactor, Bever, had made to get lumber, Schwartz, who believed he would receive at least $400 pension, told the Bevers that, to recompense them for their attention and kindness and expense incurred in his behalf, he would build for them a barn and chicken-house, which latter he desired to use while he should remain with them, as he was then engaged in raising chickens in a small way, and intended to enlarge the business.  This proposition was accepted by Bever, and Schwartz then went alone to the place of business of plaintiffs, interviewed the manager, showed the letter received from Blue, made a statement of his expectations as to amount, and bought about $300 worth of lumber.  The manager for the lumber company testified on the trial that at the time of making the contract Schwartz told him that he owed Bever "for staying there," but did not tell him how much.  He also swore that he sold Schwartz the lumber because he had a letter from Blue that he was going to get a pension.

Schwartz was not present at the trial and his evidence was not taken, as he had left the neighborhood before that time.  Some controversy occurred at the trial as to how the bill for lumber was originally charged upon the books of the lumber company, but

we shall assume that the charge was made against "Schwartz for A. Bever."

Later on Schwartz did secure a pension, but the amount received was only $180, some of which was paid to the lumber company and to the carpenter, and the small balance is unaccounted for. The plaintiffs filed a lien, claiming that the lumber had been sold to Bever through his agent, Schwartz, but neither in filing the lien nor at the trial in the court below, nor in the briefs in this court, was it claimed that the lumber was furnished to Schwartz as a contractor.

The case was submitted to the jury in the court below upon the question as to whether Schwartz was in fact the agent of Bever in purchasing the material, and the jury found for the defendant. It is here alleged as error that the trial court did not fully instruct the jury as to the alleged agency of Schwartz, and the rules for determining the same, and that, under the evidence and the law applicable thereto, judgment should have been rendered in favor of the plaintiffs, who, having failed to secure a new trial, bring the case here for review.

*J. H. Buckman*, for plaintiffs in error.

*J. E. Torrance*, and *Hackney & Lafferty*, for defendants in error.

The opinion of the court was delivered by

ELLIS, J.: The principal question in this case was whether Gustave Schwartz acted as the agent of defendant Bever in making the purchases which constituted the basis of the action, or whether such purchases were made upon his own account and credit. If the plaintiffs chose to make Schwartz their debtor and to sell their goods upon his credit, the

mere fact that they were to be used in betterments upon the premises of the defendant Bever would not entitle them to a lien thereon. (*Manufacturing Co. v. Best*, ante, p. 187, 65 Pac. 239.)   In substance, the court below so instructed the jury.   As to the matter of agency, the following instruction was given :

"The burden of proof is upon the plaintiffs in this case to establish the fact of the purchase of material as alleged, and also to establish the fact of an agency upon the part of Gustave Schwartz, if you find that he made the purchase for the defendant Bever ; that is, if you should believe from the evidence that the defendant himself did not make the purchase of this material, but that it was purchased by Gustave Schwartz, then, before you can find against the defendant in this case, you must believe from the evidence that defendant Schwartz, when he made this purchase, was acting for the defendant Bever, and as his agent in making this purchase.   In determining the question of agency between the parties that is raised in this case, you may take into consideration all the evidence in the case, and all the circumstances which, in your judgment, throw any light on this question."

It is true that the jury were not very fully advised as to the rules of agency applicable to the case at bar, but as no requests were made in relation thereto by the plaintiffs they cannot be heard to complain at the meagerness of the instructions actually given.   The general finding of the jury being against the plaintiffs, and the evidence being sufficient to sustain it, we are compelled to treat such finding as a determination in the court below that the plaintiffs sold the material to Schwartz upon his individual credit, and not to him as agent for the defendant Bever.

The defendants in error insist that the lien was defective in that it was not shown to have been filed in the office of the clerk of the district court.   We have

treated the case as though it had been properly filed but that such fact does not appear because of a mere omission in the record.

The plaintiffs in error also urge that they are entitled to a lien because confessedly the material supplied by them was used in betterments on the premises of defendant Bever. The argument, although made with force and ingenuity, is without weight. They must secure a lien under the statute or not at all.

The judgment of the district court is affirmed.

SMITH, CUNNINGHAM, JJ., concurring.