H. C. LANG V. N. H. ADAMS.

No. 14,045.   (80 Pac. 593.)

SYLLABUS BY THE COURT.

1. MECHANIC'S LIEN—*Foreclosure—Owner a Necessary Party.*
The owner of property against which a mechanic's lien is
sought to be enforced is an essential party to an effective
foreclosure.

2. ———— *Lien Based on Contract with the Owner.* The basis
of a mechanic's lien is the contract with the owner of the
property to be improved, who must be named in the state-
ment of work or labor furnished upon which a lien is
claimed, and a valid lien cannot be created and established
unless the contract is so made and the owner so named.

3. ———— *Notice—Inquiry.* In ascertaining who is owner,
and in naming him in the statement for a lien, the claimant
cannot rest alone upon the public records of title and ignore
all other sources of information.

4. ———— *Record not Conclusive.* Where property has been
actually conveyed, and the grantee, who is in possession of
the same, contracts for improvements, a lien cannot be es-
tablished as against the grantor merely because the deed of
conveyance was not recorded.

Error from Shawnee district court; Z. T. HAZEN,
judge. Opinion filed April 8, 1905. Affirmed.

*A. B. Quinton,* and *E. S. Quinton,* for plaintiff in
error.

*Albert Watkins,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: H. C. Lang brought a suit against
N. H. Adams to recover $248.82 for labor and ma-
terial expended on real property in Topeka, and to en-
force a mechanic's lien claimed by Lang upon that
property. Prior to April 15, 1902, Mrs. Adams owned
and occupied the property in question as a homestead,
and from time to time made improvements upon it.
On the date named she conveyed the property to W.

W. Mills, a son-in-law, for $9000, but the conveyance was not made a matter of record. For some time before the purchase he had occupied the property as a tenant of Mrs. Adams, who lived in the Mills family but had owned and controlled the property and collected rent for it. After the sale of the property to Mills he held possession and exercised acts of ownership over it. On August 2, 1902, Mills entered into a contract with F. E. Van Sant to make extensive improvements on the house, and Van Sant in turn employed Lang to do some of the work embraced in the contract. In the written contract with Mills the latter was designated as the owner of the property. Van Sant failed to pay for the work under the subcontract with Lang, and Lang filed a statement claiming a mechanic's lien against the property, naming Mrs. Adams as owner, and subsequently the present proceeding was begun. The finding and judgment were in favor of Mrs. Adams, doubtless upon the ground that she was not the owner of the property improved and neither made the contract nor authorized any one to make it for her.

The testimony clearly shows a *bona fide* transfer of the property from her to Mills months before the contract for improvements was made. No lien was claimed as against him, and he was not made a party in the proceedings to foreclose the lien claimed against his property. The owner of property against which a lien is sought to be foreclosed is an essential party to an effective foreclosure. (*Stough v. Lumber Co.*, 70 Kan. 713, 79 Pac. 737.) Apart from this consideration, it does not appear that a valid lien was established. Being created by statute, a mechanic's lien can only arise under the circumstances and in the manner prescribed by the statute. Under the law the foundation of the lien is the contract with the owner for labor or material. There is nothing to show any claim of ownership by Mrs. Adams after she sold the

land, nor any proof that Mills was acting as her agent in the transaction. Although the deed to Mills was not of record there appears to have been no misrepresentations as to ownership, and there was nothing in the making of the contract or in the direction of the work that was misleading. Probably the plaintiff was misled by the fact that the deed to Mills was not recorded, but as his right depended upon the existence of a contract with the owner it devolved upon him to ascertain who was in fact the owner of the property. He could not rest on the record title and ignore all other sources of information.

Plaintiff refers to the section providing that unrecorded instruments shall be deemed invalid except as between parties (Gen. Stat. 1901, § 1223), and also to the decision in the case of *Smith v. Worster*, 59 Kan. 640, 54 Pac. 676, 68 Am. St. Rep. 385; but these authorities are not controlling here. The question involved is not the validity of the deed from the defendant to Mills, but whether plaintiff took the prescribed steps which entitle him to a statutory lien. As the statute makes the contract with the owner the basis of a lien no one but the owner or some one representing him can create a lien upon his property. In the statement for the lien by the contractor he must name the owner with whom the contract was made. The subcontractor derives his right to a lien through the contract made with the owner, and in his claim for a lien he is required to name the owner, as well as the contractor. His subcontract is subordinate to the principal contract with the owner, and is presumed to be made with knowledge of its existence, although he is not bound by all of its terms. He is required to know who the owner is, and to name him in his claim for a lien. (Gen. Stat. 1901, §§ 5117-5119.) The statute does not provide that the owner of the record title can create a lien upon property, nor that a contract with some one who has an apparent title is a

sufficient basis for a lien. The provision is that the contract shall be with the *owner,* and this necessarily means an actual owner of an interest in the property.

Of course, the conduct of an owner might be such as to estop him from saying that a contract had not been made, but in the present case the defendant, as we have seen, was not the owner; she made no contract, and had no connection whatever with the improvements. There were other means of information than the record from which the plaintiff might have obtained information as to the ownership. Mills was in the actual possession of the property, which should have admonished the plaintiff to look beyond the office of the register of deeds. In *Stough v. Lumber Co., supra,* it was said:

"If, in addition to an unrecorded deed conveying the legal estate in land, there is in the grantee actual, visible, exclusive and notorious possession, it is sufficient to constitute notice of title and to put all persons upon inquiry."

If plaintiff had made inquiry as to the ownership disclosed in the contract, which he knew was in existence, he would have found that the defendant was not the owner, and that her grantee had made the contract on his own account. It also appears that plaintiff contracted with Mills to do other work, independently of that included in his subcontract with Van Sant, and that for this extra work he was paid by Mills himself.

We think the plaintiff failed to show a right to the statutory lien, and, therefore, the judgment of the district court is affirmed.

All the Justices concurring.