No. 19,767.

A. C. HOUSTON, doing business as THE A. C. HOUSTON LUMBER COMPANY, *Appellant,* v. E. S. HUNT et al. (GEORGE L. BROWN and THE BROWN INVESTMENT COMPANY, *Appellees*).

### SYLLABUS BY THE COURT.

MECHANIC'S LIEN—*Statute Must be Followed. Doane v. Bever,* 63 Kan. 458, 65 Pac. 693, followed, and *held,* liens for material used in the construction of improvements on real estate are created by statute, and the law recognizes no equitable lien arising from the mere fact that material is furnished for and used to improve the real estate of another.

Appeal from Cowley district court; CARROLL L. SWARTS, judge. Opinion filed December 11, 1915. Affirmed.

*C. T. Atkinson,* of Arkansas City, for the appellant.

*J. E. Torrance,* and *O. W. Torrance,* both of Winfield, for the appellees.

The opinion of the court was delivered by

PORTER, J.: Plaintiff commenced this action under the mechanic's lien law for the foreclosure of a lien for material used in the repair of a building. The petition was in the ordinary form. It alleged that the building in which the lumber was used belonged to George L. Brown, when as a matter of fact it was the property of The Brown Investment Company, of which George L. Brown was manager. The petition also

alleged that E. S. Hunt was the lessee of the building and the duly authorized agent of Brown; that as such agent he made an oral contract for the purchase of the lumber to be used for flooring the building. It alleged the filing of a lien in the proper time, and also a demand upon Brown for permission to remove the lumber after the floor had been finished and his refusal to grant the permission.

The answer was a general denial, with a verified denial of the agency of Hunt. When the case was called for trial plaintiff learned that the title to the real estate was in The Brown Investment Company, and a continuance was taken. Later the case was tried on the original petition and answer, though plaintiff asked leave and was denied the right to file an amended petition making the investment company a defendant. There was a demurrer to the evidence, which the court sustained, and this ruling and the refusal to permit plaintiff to file the amended petition are the errors complained of.

Plaintiff has filed a voluminous abstract with no index, and the motion to dismiss for violation of Rule 5 might be sustained, but we prefer to dispose of the case on its merits.

The evidence showed that Hunt leased the building for a skating rink. The written lease gave him the right to make, without damage to the property, such improvements as were needed, and to remove material used, provided all obligations due the investment company were fully paid. With the consent of Brown, the manager of the company, he put in a new floor, and purchased the lumber which plaintiff charged to his account alone. There was evidence showing that the material could not be removed without practically destroying the old floor.

It was more than a year after the lien statement was filed when plaintiff discovered that the property belonged to the investment company. It was then too late to amend the lien statement or file a new one, and the theory upon which plaintiff prepared the amended petition, and its sole contention, as stated to the trial court, was that it became entitled to a personal judgment against George L. Brown and the investment company because they converted the lumber to their use, and that such judgment should be declared to be an equitable lien upon the property for the purchase price of the material.

There is no showing in the abstract that a motion for a new trial was filed; and, besides, the judgment is a finding of all the facts necessary to sustain it. It will be assumed that the trial court found from the evidence that Hunt was not the agent of Brown and had no authority to purchase the material as his agent, and that there was no conversion by Brown. The investment company is not a party, and there was no abuse of discretion in refusing to allow the amended petition to be filed. The law is well settled that plaintiff is not entitled to an equitable lien for the purchase price of material used in the improvement of real estate. And there is no special reason why the merchant who sells material as this was sold should have an equitable lien upon the real estate, any more than that the merchant or farmer who sells feed which is used to fatten live stock should have an equitable lien on the stock. Material and mechanic's liens are the creatures of statute.

"The mere fact that material supplied to one person is used in the construction of betterments on the land of another will not entitle the vendor to a lien on such land. Such lien may be acquired in the manner and upon the conditions prescribed in sections 5117-5131, General Statutes of 1901, and not otherwise." (*Doane v. Bever*, 63 Kan. 458, syl., 65 Pac. 693.)

Plaintiff failed to make a case against George L. Brown, and it is apparent that, if all the facts alleged in the amended petition were admitted as true, it would not have been entitled to judgment against the investment company, nor to an equitable lien for the purchase price of the lumber.

The judgment is affirmed.