No. 24,387.

E. E. Eggleston, *Appellee,* v. Clara F. White *et al., Appellants.*

SYLLABUS BY THE COURT.

1. Mechanic's Lien—*Basis of Mechanic's Lien—Contract Between Owner and Contractor—Notice to Subcontractor.* The basis of a mechanic's lien is the contract with the owner of the property to be improved, and while a subcontractor is not bound by all the terms of the contract with the owner, he must take notice of and is bound by such of the specifications of the contract as relate to and describe the particular materials which he undertakes to furnish.

2. Same—*Subcontractor May Not Vary Contract Between Owner and Contractor.* And where a contractor and subcontractor entered into an agreement under the terms of which the subcontractor installed a heating system substantially different from the requirements of the contract with the owner, and insufficient for the purpose intended, *held,* the subcontractor was not entitled to foreclose a mechanic's lien against the owner's land.

Appeal from Pratt district court; George L. Hay, judge. Opinion filed April 7, 1923. Reversed.

*William Barrett,* and *George Barrett,* both of Pratt, for the appellant.
*William B. Hess,* of Pratt, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The question here presented is whether a subcon-tractor may enforce a mechanic's lien for the installation of a heat-ing plant materially different from the one specified in the contract between the owner and contractor, where the plant was not sufficient for the purpose intended, was removed by the owner and repossessed by the subcontractor. Plaintiff recovered and the owner appeals.

On July 30, 1919, J. W. White (contractor) entered into a contract with Clara F. White (owner) to erect a dwelling house, furnishing all labor and material, for the sum of $4,560. The specifications were attached to and made a part of the contract. The part relating to the furnace was as follows:

"FURNACE. Install 1, No. 351 Twentieth Century furnace, 24-inch fire pot, with warm-air pipe leading to the separate rooms of sufficient capacity to heat the same, using Rock Island Register Brush Brass finish with a cold-air supply of equal capacity of all of the warm-air pipes. The same to be installed in a neat workmanlike manner."

The specifications also contained this statement:

"No alterations or additions to the plans or specifications except upon a written order from the owner, stating the nature and extent of the proposed alteration or addition, the amount to be allowed the contractor and the ex-tension of time, if any, to be allowed by reason for such changes or additions; said order must be signed by the owner and contractor."

The plaintiff, without examination of the contract with the owner, and without definite knowledge of its requirements, made an agree-ment with the contractor by virtue of which he installed a No. 251 Twentieth Century furnace with a 22-inch fire pot. Within the stat-utory time he filed a mechanics' lien. The defendant complained to plaintiff that the furnace he had installed would not heat the house. The plaintiff undertook to make it heat the house but was not suc-cessful; whereupon defendant had the furnace removed, and plain-tiff repossessed it.

The trial court foreclosed plaintiff's lien for $265, after allowing the market value of the furnace as it was returned.

Section 1 of chapter 235, Laws of 1919, provides that,

"Any person who shall, under a contract with the owner of . . . land . . . perform labor . . . or furnish material for building . . . shall have a lien for the amount due for such labor . . . and material."

Section 2 of the same chapter, which relates to perfecting the lien of a subcontractor, reads as follows:

"Any person who shall furnish any such material, or perform such labor . . . under a subcontract with the contractor, . . . may obtain a lien upon such land from the same time, in the same manner, and to the same extent as the original contractor, for the amount due him for such material and labor, . . . by filing with the clerk . . . a statement verified by affidavits setting forth the amount due from the contractor to the claimant, and the items thereof as nearly as practicable, the name of the owner, the name of the contractor, the name of the claimant and a description of the property on which a lien is claimed; . . . Provided, that if the owner of any land affected by such lien shall not thereby become liable to any claimant for a greater amount than he contracted to pay the original contractor; but the risk of all payments made to the original contractor shall be upon said owner until the expiration of the sixty days . . . and no owner shall be liable to an action by such contractor until the expiration of said sixty days, and such owner may pay such subcontractor the amount due him from such contractor for such work, labor and material, and the amount so paid shall be held and deemed a payment of said amount to the original contractor. . . ."

The plaintiff contends that the statute gives the subcontractor a direct lien for materials furnished and labor performed; that the subcontractor is not bound by all the terms of the contract between the contractor and the owner; that the plaintiff was not required to follow the specifications of the contract with the owner; that, although the furnace installed by him was not sufficient for the intended use, he may nevertheless enforce a lien on defendant's property. We cannot assent to that theory. This court, in a number of cases, has made the statement that the subcontractor is not bound "by all the terms of the contract." We have found no case, however, where the language was applied to circumstances similar to these. None where the subcontractor was permitted to enforce a lien for installing apparatus substantially different from that required by the contract with the owner, and not sufficient for the purpose intended.

In *Lang v. Adams*, 71 Kan. 309, 311, 80 Pac. 593, it was said:

"The subcontrctor derives his right to a lien through a contract made with the owner, and in his claim for a lien, he is required to name the owner, as well as the contractor. His subcontract is subordinate to the principal contract with the owner, and is presumed to be made with knowledge of its existence, although he is not bound by all its terms."

Language substantially like the last clause is found in a number of other cases. It cannot be made to apply here. It would be in-

equitable to permit the contractor and a subcontractor to disregard the contract with the owner and install an inadequate heating system not satisfactory and not contemplated by the owner. If this principle were permitted to govern, a contractor might make contracts with various subcontractors up to the full amount of the contract price and for a structure lacking in many details from the one required by the specifications and not in the contemplation of the parties. If a subcontractor "is not bound by all the terms of the contract," he should be, and is, bound by those requirements of the contract which relate to and describe the particular materials which he undertakes to furnish. He may not have a lien for installing a cement floor in the basement when the contract requires a tile floor, nor for installing a hot-air furnace when the contract requires a hot-water system, nor for installing a hot-air furnace with a 22-inch fire pot, inadequate for heating the house, when the contract required a 24-inch fire pot.

In *Davis v. Bullard* 32 Kan. 234, 236, 4 Pac. 75, it was said:

"It is our view, however, that as between the owner of the property and the contractor and subcontractor, the contractor and the subcontractor should be considered as substantially one and the same person with reference to the completion of the building, and therefore that the building should be considered as completed when and only when the contractor has completed his part thereof. No privity of contract exists between the owner of the building and the subcontractor; but the subcontractor's rights are based simply and solely upon his contract made with the contractor. The contractor, and not the owner of the building, is the subcontractor's debtor, and the subcontractor has no right to claim that the building has been completed until the contractor under whom he claims has such right. Under the contract between the owner and the contractor, the owner agrees to pay the contractor a certain sum for constructing the building, and this sum is a fund which may be held under the statutes for the payment, so far is it will go, of all the claims of all the various subcontractors, for work and materials furnished by them to the contractor, who is the principal and head of all."

The plaintiff may enforce his claim against the contractor, but, for the reasons stated, is not entitled to foreclose a lien against the defendant. The judgment is reversed, with instructions to render judgment for the defendant.