Spalding Lumber Co. v. Slusher.

---

No. 25,993.

F. M. Spalding Lumber Company, *Appellee,* v. J. T. Slusher, *Appellant* (M. J. Haxton and Frank M. Barnes, *Appellees*).

SYLLABUS BY THE COURT.

Mechanics' Liens—*Necessity for Contract With Owner—Estoppel.* The conditions under which a mechanic's lien may be acquired are prescribed by statute, and the statute does not recognize equitable estoppel of the owner of land improved as an immediate basis for a lien. Material must be furnished under a contract with the owner, or with the owner's trustee, agent, or spouse. (R. S. 60-1401.)

Appeal from Brown district court; C. W. Ryan, judge. Opinion filed June 12, 1926. Reversed.

*Charles Herold,* of Seneca, and *R. F. Hayden,* of Topeka, for the appellant.
*Sample F. Newlon* and *W. E. Archer,* both of Hiawatha, for the appellees.

Mechanics' Liens, 40 C. J. pp. 42 n. 61, 44 n. 76, 45 n. 96, 64 n. 56, 90 n. 29, 160 n. 85; 23 L. R. A. n. s. 612; L. R. A. 1917D, 582; 18 R. C. L. 897.

The opinion of the court was delivered by

Burch, J.: J. T. Slusher appeals from a judgment foreclosing mechanics' liens on his land.

The Sycamore Mineral Springs Company owned forty acres of land. Slusher owned twenty acres adjoining the forty-acre tract on the east. The company established a public amusement park, and purchased material of the lien claimants for the construction and erection of improvements in the park. The improvements extended over both tracts, were erected in execution of a single design, and could not be independently operated. After finding these facts, the court stated the following finding of fact and conclusion of law:

"Of all of which said defendant, J. T. Slusher, had knowledge, acquiesced therein, and consented thereto, and by reason of the premises is estopped from denying the right of said mechanic's and materialmen's lien holders to such liens or their right to foreclose their said respective liens on said twenty-acre tract so owned by him."

The lien statements described the sixty acres as one tract, and named the Sycamore Mineral Springs Company as owner. The pleadings set out contracts with the company to furnish material and the furnishing of material pursuant to the contracts, and claimed liens by virtue of the lien statements. Estoppel was not pleaded, and an essential element of estoppel on the part of Slusher was neither proved nor found. The finding of consent is merely a deduction from the findings of knowledge and acquiescence. No consent was manifested in any manner to the lien claimants. They were not misled or induced to act on account of Slusher's noninterference with realization of the company's park improvement plans. They did not rely on anything he did or failed to do. They furnished material to the company without regard to Slusher's ownership or nonownership of the twenty-acre tract, or the nature of the company's privilege to use it, and they were in no position to assert that Slusher had dedicated his land to them as security for payment of the company's bills.

Leaving at one side defect of pleading, proof, and finding of estoppel, the court enforced a mechanic's lien. In this state a mechanic's lien is a statutory lien. While the statute has a basis in equity, the legislature has determined the extent to which equity controls, and has prescribed the conditions of the lien. One who

furnishes material for the improvement of a tract of land under contract with the owner, the owner's trustee, the owner's agent, the owner's husband, or the owner's wife, may acquire a lien on the tract by pursuing a prescribed course. (R. S. 60-1401.) Unless the material be furnished under a contract with the owner, his trustee, agent, or spouse, there can be no mechanic's lien. One who sells building material may always know who his buyer is and where the material is to be used, and is not privileged to sell on the buyer's credit and then charge the land of another with a lien for the price.

In the case of *Doane v. Bever*, 63 Kan. 458, 65 Pac. 693, Bever had befriended Schwartz, and Schwartz was living with Bever. Bever's barn burned. Schwartz was notified that his application for a pension had been allowed. As some recompense to Bever for his kindness, Schwartz bought lumber of Doane to build a barn for Bever, and to build a chicken house which Schwartz expected to use. Schwartz explained his financial situation to Doane, and Doane charged the lumber to "Schwartz for A. Bever." In an action by Doane to foreclose a mechanic's lien on Bever's lots, the jury found Schwartz was not Bever's agent. A lien on principles of equity was contended for. The court said:

"The plaintiffs in error also urge that they are entitled to a lien because confessedly the material supplied by them was used in betterments on the premises of defendant Bever. The argument, although made with force and ingenuity, is without weight. They must secure a lien under the statute or not at all." (p. 462:)

The conditions under which a statutory lien may attach and the nature and extent of the lien must be determined from the statute. In the case of *Lang v. Adams*, 71 Kan. 309, 80 Pac. 593, the court said:

"Being created by statute, a mechanic's lien can only arise under the circumstances and in the manner prescribed by the statute. Under the law the foundation of the lien is the contract with the owner for labor or material." (p. 310.)

As the supreme court of Maine expressed it, the vitality of a lien created solely by statute depends on the terms of the statute, and parties may not "by estoppel enact or enlarge a statute." (*Gile v. Atkins*, 93 Me. 223.) In the case of *Conroy v. Perry*, 26 Kan. 472, a mechanic's lien case, the syllabus reads:

"One who claims a right given solely by statute must bring himself fairly within the terms of the statute." (¶ 2.)

In the opinion by Justice Brewer it was said:

"The court can make no law and give no lien except as prescribed by statute." (p. 475.)

In this instance no attempt was made to establish the relation of principal and agent between the Sycamore Mineral Springs Company and Slusher. The facts were these: Slusher gave the company an option to purchase his twenty acres. The company made what it called subleases to concessionaries, on the assumption it had a lease from Slusher, although he had given no lease. A sublessee became fearful he might be bound in some manner to Slusher, and the company, Slusher, and the sublessee entered into a written agreement defining their relations. This instrument, dated April 12, 1921, recited that the company had leased Slusher's land for a term of three years ending March 1, 1924. After execution of the instrument, Slusher could not dispute that the company was his lessee and, reverting to the subject of estoppel, he could not have forbidden the erection of improvements on his land by his lessee had he desired to do so. The liens were filed in September and October, 1921.

The district court did not find the facts disclosed by the evidence regarding the relations between the company and Slusher. Had it done so, the lien claimants might have been allowed mechanics' liens on the company's leasehold estate. The court preferred to make an order which would embrace the entire estate. The subject is of no importance now, because the lease expired in March, 1924. The holder of a naked option to purchase is not an owner, within the meaning of the mechanic's-lien statute.

The judgment of the district court is reversed, and the cause is remanded with direction to modify the judgment by denying foreclosure of the mechanics' liens so far as they relate to Slusher's land.