No. 34,237

CHARLES I. McHENRY, *Appellant*, v. C. J. McHENRY, MALCOLM S. SMITH, CHARLES FRANKLIN POWELL and LIZZIE POWELL, *Appellees.*

(95 P. 2d 261)

Opinion filed November 10, 1939.

*Rad M. Lee* and *S. L. Lashbrook,* both of Topeka, for the appellant.

*B. J. Lempenau,* of Topeka, for the appellees.

The opinion of the court was delivered by

HOCH, J.: This was an action to foreclose mechanics' liens on real property. Judgment was for the defendants, and plaintiff appeals.

The story told in briefs and oral arguments covers a good deal of ground and is somewhat involved. But it all boils down to simple enough questions, as far as this review is concerned. The essential questions presented are whether there was substantial evidence to support the court's finding that the plaintiff was the owner of the

property on which he sought foreclosure of the liens and, if such owner, whether the court erred in holding that he was not entitled to foreclosure. In fact, the first question is about all that is really presented.

Charles I. McHenry, the plaintiff and appellant, is the father of C. J. McHenry, one of the defendants. To avoid confusion they will be referred to herein as father and son. The father alleged that about February 1, 1936, he entered into a contract with his son to erect two houses on certain lots in the city of Topeka; that at the time the contract was entered into the defendants, Charles Powell and Lizzie Powell, his wife, were the legal title owners of the lots, but that the son was the equitable owner under a purchase contract with the Powells; that subsequent thereto the Powells gave a quit-claim deed to the lots to defendant Malcolm S. Smith; that he almost completed the two houses as provided in the contract; that labor and materials furnished had not been paid for; that the son had such title to the property as would give him a right to create a lien thereon, and sought foreclosure of the liens.

The case was tried before the court, which made extended findings of fact on October 1, 1938. In the findings reference is made to prior litigation involving the rights of the parties in the property in question. In view of the narrow issue here presented, it would serve no useful purpose to recite in detail all the contentions of the various parties to the proceeding. We merely summarize the court's findings which bear upon the issue before us.

The court found that on February 18, 1936, contracts were entered into for the purchase of lots 3 and 4 and 5, 6 and 7 on California avenue in the Western Land and Lot Company's addition to the city of Topeka, for the total sum of $450, and payment of $25 was made on each of the two contracts and no further payments were made upon either of the contracts; that on February 17, 1936, Malcolm S. Smith loaned $250 to the father and son and as security took a chattel mortgage from both father and son upon a house located on Lime street which was to be and subsequently was moved to lots 3 and 4, already referred to; that in the affidavit contained in the said chattel mortgage, the father swore that he and his son, doing business as McHenry & Son, were the lawful owners of the property; that default was subsequently made in payment of the debt to Smith and that Smith brought suit and recovered judgment for $261.25 against both father and son, doing business as McHenry

& Son; that the court found in the last-mentioned action that Smith was entitled to possession of the house which had then been moved to said lots 3 and 4, or to the value thereof in the amount of $261.25 in case possession could not be secured; that the father and the son claim that about February 1, 1936, they entered into an oral agreement with each other under which the father was to build a six-room house on lots 3 and 4 to cost $3,125, and another six-room house on lots 5, 6 and 7 to cost $4,250; that work was thereafter started upon the houses, both father and son working together on the construction; that in the course of the construction, certain material was delivered by a Topeka lumber company and that upon failure to receive payment therefor the lumber company brought action on January 26, 1937, against father and son and recovered a judgment therein against both of them; that on June 15, 1937, the son filed an action against the Powells and Smith to quiet his title to the five lots, and that in that action Smith pleaded that he had purchased the interest in the lots from the Powells and was the then owner, and that the McHenrys had defaulted in the contract for the purchase of the lots and cancellation of the contracts was asked for; that judgment was rendered in favor of Smith in the last-mentioned action and the contracts standing in the name of the son were ordered canceled; that subsequent to the last-mentioned judgment, certain extensions of time were granted to the plaintiff therein, and payment not having been made within the time allowed, a writ of assistance was issued on March 7, 1938, giving possession of the lots and improvements to Smith; after one of the houses named had been completed sufficient for occupancy, the father and son moved into it and occupied it until dispossessed by the writ of assistance; that the court had made a personal inspection of both houses and from such inspection and the testimony introduced was of the opinion that the amount named in the alleged contract between the father and son was far in excess of the fair and reasonable value of the improvements at the time the McHenrys were evicted; that the son did not participate in the negotiations for the purchase of the lots, and that the father was the moving spirit in all the transactions and negotiations involved in the purchase of the lots, and primarily directed the activities connected therewith; that in the purchase of the lots and in the purchase of materials and performing the labor in constructing the houses, the father and son were jointly associated together; that the father was at the times referred to in the findings "in truth and in fact, the real owner of the property involved in this action."

In connection with the decision announced upon the motion for new trial, the court reviewed much of the evidence upon which the findings had been predicated, and said:

"I made rather voluminous findings, and while they cannot convey all that the court saw and took into consideration in deciding the case, I took into consideration the attitude of the father and son, their manner of testifying, their manner of conducting their business and the manner in which they made their claims here, and all of the various things that were shown in the evidence. . . .

"I can come to but one conclusion in this case, and that is that the plaintiff, C. I. McHenry, was in truth and in fact the real owner of these improvements; and I believe that he was the one that invested the money in these lots. He took the title in the name of his son, but that the son is not the real party in interest.

"This being an action under the mechanic's-lien law, I do not believe the father is entitled to a mechanic's lien upon his own property."

Upon such findings of fact, the court held that the plaintiff had not sustained the burden of proof resting upon him and was not entitled to recover.

While there was conflicting testimony as to some matters covered in the findings of fact, we find from a careful examination of the record that there was ample evidence to support the findings heretofore recited. This court has said in a long and unbroken line of decisions that findings of fact in the face of conflicting evidence will not be disturbed where there was competent and substantial evidence to support them. (*Money v. Safford,* 127 Kan. 520, 274 Pac. 269; *Brown v. Byers,* 118 Kan. 503, 235 Pac. 866; *Hughes v. Vossler,* 112 Kan. 466, 211 Pac. 123.)

While the appellant discusses other findings, those already stated determine the issue here. The only question remaining is whether on the basis of such findings the court properly concluded as a matter of law that the plaintiff could not maintain the action to foreclose the mechanic's liens. It is well settled that a mechanic's lien, being a creature of statute, can be claimed and enforced only under the terms of the statute (G. S. 1935, 60-1401). (*Potter v. Conley,* 83 Kan. 676, 112 Pac. 608; *Lumber Co. v. Hunt,* 96 Kan. 778, 153 Pac. 554; *Doane v. Bever,* 63 Kan. 458, 65 Pac. 693.) The statute makes the lien available to persons who furnish labor or material, under the conditions stated, "under a contract with the owner of any tract or piece of land or with the trustee, agent, husband or wife of such owner." The court having found that the father, rather than the son, was the real owner at the time in question, it follows that he was

not within the conditions of the statute. He could not make a contract with himself. (*Lang v. Adams,* 71 Kan. 309, 80 Pac. 593; *Eggleston v. White,* 113 Kan. 325, 214 Pac. 623; *Spalding Lumber Co. v. Slusher,* 121 Kan. 155, 246 Pac. 999; *Amsden Lumber Co. v. Arnspiger,* 129 Kan. 143, 281 Pac. 931; *Gaudreau v. Smith,* 137 Kan. 644, 647, 21 P. 2d 330.)

The judgment is affirmed.