No. 44,943

BENNER-WILLIAMS, INC., *Appellee,* v. W. F. ROMINE and EVA L. ROMINE, *Appellants.*

(437 P. 2d 312)

Opinion filed February 15, 1968.

*Leonard W. McAnarney,* of Lyndon, argued the cause, and was on the brief for the appellants.

*Marian M. Burns,* of Lyndon, argued the cause, and was on the brief for the appellee.

The opinion of the court was delivered by

O'CONNOR, J.: This case involves the validity of a mechanic's lien for labor and materials furnished by the appellee, Benner-Williams, Inc., in improving real estate owned by Neal E. Romine and later conveyed to the appellants, W. F. and Eva L. Romine. For convenience, Neal E. Romine will be referred to hereafter only as Neal.

Neal acquired the real estate by deed dated July 16, 1964. He obtained a loan of $4,000 from the Lyndon State Bank on September 9, and executed a note and mortgage as security therefor. Neal made oral arrangements with the appellee to furnish certain materials and labor for remodeling the house located on the property —principally the installation of carpeting and cabinets. The job was begun November 10, 1964, and completed March 12, 1965. On April 3, 1965, Neal executed a promissory note and conditional sales contract in favor of the appellee for the total cost of the job. The contract was duly recorded in the office of the register of deeds of Osage county. Additionally, a mechanic's lien statement, to which a copy of the note was attached, was filed by the appellee with the clerk of the district court of Osage county on April 6.

Title to the real estate was conveyed by Neal to W. F. and Eva L. Romine on March 8, 1965. The note to the Lyndon State Bank was paid by W. F. Romine, and the mortgage on the property was released. By virtue thereof, it is agreed that W. F. Romine became subrogated to the mortgage lien rights of the bank.

Appellee instituted this action on October 20, 1965, to enforce its mechanic's lien. The appellants answered, challenging the validity of the lien. Following a trial on June 16, 1966, at which Neal defaulted, the lien of appellee was adjudged to be valid and was ordered foreclosed, subject only to the lien of W. F. Romine. From this judgment and decree, including the subsequent denial of a motion for new trial, W. F. and Eva L. Romine have appealed.

The principal point raised on appeal is that the conditional sales contract operated as a waiver of the mechanic's lien rights now claimed by the appellee, inasmuch as the contract provided that title to the materials described therein was reserved in the appellee until the contract price was paid and "The property shall remain strictly personal property whether placed upon a permanent foundation or in what manner affixed or attached to the building or structure in which it may be contained."

The right of a materialman to assert and perfect a mechanic's lien is a statutory privilege which he may lose by his conduct and neglect (*Lumber Co. v. Band Co.,* 89 Kan. 788, 132 Pac. 992) or waive by agreement. An agreement, to be effective as a waiver of the lien, must be certain in its terms and be clearly and unequivocally established. (*Mercantile Co. v. Investment Co.,* 100 Kan. 597, 165 Pac. 279.) Here, the conditional sales contract contained no provision indicating an intention on the part of the appellee to surrender or forego its statutory lien rights, unless it may be said the provision that the materials remain personal property, although attached to realty, constituted a waiver.

In order for a mechanic's lien for labor and materials to attach, such items must be used or consumed for the improvement of real property, and thus become part of the realty itself. (K. S. A. 1967 Supp. 60-1101.) The reservation of title by a materialman to materials and equipment used in the improvement of real property does not preclude him from asserting a mechanic's lien against the property improved, as provided by statute. (*Kastner v. Security Savings and Loan Ass'n.,* 123 Kan. 632, 256 Pac. 989; *Geppelt v. Stone Co.,* 90 Kan. 539, 135 Pac. 573; 36 Am. Jur., Mechanics' Liens § 205; 57 C. J. S., Mechanics' Liens § 227; Annos. 58 A. L. R. 1121, 1122, 65 A. L. R. 282, 305.) The rationale of the authorities supporting this general proposition is that the retention of title is not inconsistent with the lien given by statute. Neither does it as a matter of law show an intention to waive the lien, nor does it obligate the materialman to assert such title by resuming possession of the materials or equipment. Such retention of title merely furnishes him with security for payment in addition to that provided by the lien statute. (*e. g., Case Mfg. Co. v. Smith* [C. C. 1889] 40 Fed. 339).

What is the effect of the provision that the materials remain personal property? Appellants rely on *Marshall v. Bacheldor,* 47 Kan. 442, 28 Pac. 168, where this court said that in the sale of personal property to be affixed to realty of the purchaser, the contracting parties have the power at the time of sale to fix the status of such property by agreeing it shall remain personalty. That case, however, is clearly distinguishable on the facts, for no mechanic's lien was involved. We are firmly committed to the proposition of law stated in *Kastner,* supra, and *Geppelt,* supra, and perceive no good reason why the provision in question requires any deviation from that rule. In our view, the provision adds noth-

ing to others of the contract reserving title in the materialman. The purpose of a conditional sales contract is to reserve title as security for the debt. By the very nature of the contract, the parties, as between themselves, contemplate the materials furnished shall remain personal property until the purchase price is paid. It follows that absent any subsequent effort to recover and enforce the security provided by the contract, a materialman is not precluded from asserting his mechanic's lien, notwithstanding a specific provision in the contract that the materials remain personalty. Although we have found little authority where this precise question has been dealt with, our conclusion finds support in *Floyd v. Rambo,* 250 Ala. 101, 33 So. 2d 360.

Appellants also urge that the materials and labor furnished by appellee were separate purchases made by Neal over an extended period of time, and therefore there was no single contract covering all the items included in appellee's lien. We cannot agree. The uncontroverted evidence was that shortly before November 1964 Neal had an oral conversation with one Gordon Benner, an officer and employee of the appellee, in appellee's place of business concerning the remodeling of the residence in which Neal was then residing. About one week later Benner, at Neal's request, went to the residence, where measurements were made, the type, size and price of cabinets were agreed on, and some discussion took place in regard to carpeting. Neal told Gardner he was getting cabinets and mentioned several other purchases he would like to make in the future, and said that he was going to make a "package deal" out of the whole thing. Neal said he had already arranged for the cabinets and that he was going to settle for it all at once.

The carpeting, cabinets, and several other items were installed during the months of November and December, except for "the end splash for the cabinet top," which was not installed until March 12, 1965, "because of the lack of materials." To further demonstrate the job was considered by both parties to be a "package deal," or single project, Neal executed the note and conditional sales contract covering *all* labor and materials on April 3. It is apparent the various items were installed pursuant to the original negotiations between the parties and constituted parts of one continuing transaction. ( See, *Southwestern Electrical Co. v. Hughes,* 139 Kan. 89, 30 P. 2d 114; 36 Am. Jur., Mechanics' Liens § 138; 57 C. J. S., Mechanics' Liens § 181.) The evidence supports the finding inherent in the

trial court's decision upholding the mechanic's lien that there was a single contract which included all of the items described in the lien statement.

Appellants further maintain that even if there was a single contract, delivery and installation of the "end splash for the cabinet top" on March 12 did not extend the time for filing appellee's lien statement. Again we disagree. The test, under K. S. A. 1967 Supp. 60-1101, as to the time when a piece of work is completed in order to preserve a lien, is whether the unfinished work was a part of the work necessary to be performed under the terms of the original contract to complete the job and comply in good faith with the requirements of the contract. (*Ottawa Plumbing, Heating & Air Conditioning Co. v. Moore,* 190 Kan. 201, 372 P. 2d 1011; *cf. Star Lumber & Supply Co. v. Mills,* 186 Kan. 204, 349 P. 2d 892.) The "end splash," for which no additional charge was made, was part of the original contract, and its installation was necessary to complete the job. It is unrefuted that the delay in installation arose because of the lack of material, rather than any bad faith on the part of the appellee.

Appellants assert there is no showing that at the time the contract was entered into Neal was the owner of the real estate. To support this assertion, appellants seize upon an isolated bit of evidence to the effect that Neal, in his initial conversation with Benner, said he was going to need some "things" for remodeling the home that *he was going to purchase.* It is true the exact dates of Neal's conversations with Benner are not shown other than that they occurred prior to November 1964. Appellants, however, overlook other portions of the record clearly disclosing that Neal was living in the property at the time of his first conversation with Benner, and that he told Benner the appellee would be paid out of the proceeds of a loan from the Lyndon State Bank. The mortgage to the bank loan was recorded on September 9. Neal had already acquired legal title under his deed of July 16, and there is no evidence that any of his conversations with Benner took place before that time. Although Neal's interest in the property prior thereto is not shown, whatever that interest might have been ripened into legal title with full right of possession on that date. We must therefore conclude that Neal's status as holder of the legal title at the time he entered into the improvement contract clearly brought him within the purview of the mechanic's lien statute.

For that matter, the owner of only an equitable interest in real estate is an owner under the statute, and may subject his interest to a mechanic's lien. (*Toler v. Satterthwaite,* 200 Kan. 103, 434 P. 2d 814; *Norris v. Nitsch,* 183 Kan. 86, 325 P. 2d 326.)

Appellants cite *Kennedy v. Atchison,* 162 Kan. 694, 178 P. 2d 987, and attempt to make a further point that Neal had no financial interest to which a lien would attach, because the mortgage indebtedness exceeded the value of the property. The *Kennedy* case is factually dissimilar in that it involved an executory contract to purchase real estate. The contract expressly stipulated that the purchaser acquired no right, title or interest in the property until he had fully paid all sums due under a monthly payment plan. Appellants' argument is wholly without merit for the simple reason that Neal, as holder of the legal title, had the right to contract for labor and materials in improving the real estate and subject his interest to a mechanic's lien under the statute. Appellee's lien attached to whatever interest Neal or his successors in title had, (see *Norris v. Nitsch,* supra), and the priority of the bank's mortgage lien, to which W. F. Romine has become subrogated, has not been questioned.

Appellants' final contention is that the trial court erred in allowing interest of ten per cent on the indebtedness, which was the rate provided for in the promissory note, as being applicable after maturity. The note was attached to the mechanic's lien statement, as permitted by K. S. A. 60-1102 (*a*). The rate of interest was stipulated as one of the terms of the note, in accordance with K. S. A. 16-202 (*a*) [now K. S. A. 1967 Supp. 16-202 (*a*)], and became a part of the contract upon which the mechanic's lien is based.

It follows, from the foregoing discussion, that the lower court's judgment upholding the validity of appellee's lien must be affirmed.

It is so ordered.