No. 46,263

CHARLES A. BERTHOT, d/b/a BERTHOT CONSTRUCTION COMPANY, *Appellee*, v. JOHN E. STROBLE and MARJORIE STROBLE, *Appellants*.

(494 P. 2d 1133)

Opinion filed March 4, 1972.

*Bruce E. Borders*, of Borders & Borders, of Independence, argued the cause and was on the brief for the appellants.

*John W. White*, of Chanute, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: This is an action to foreclose a subcontractor's mechanic's lien. Judgment was entered in favor of the plaintiff. The defendant landowner appeals claiming the subcontractor's lien was not filed within the statutory period of sixty days. (K. S. A. 60-1103 [repealed L. 1967, Ch. 325 (now K. S. A. 1971 Supp. 60-1103)].)

A brief statement of the facts follows.

In the year 1965, James Coleman, doing business as Coleman Equipment Company in Independence, Kansas, was a dealer for Behlen Buildings. On February 27, 1965, Coleman as contractor entered into a contract with defendant for the sale and construction of a Behlen Curvet Building on defendant's land. In August of 1965, Coleman and the plaintiff entered into a subcontract by which plaintiff acting as subcontractor would construct a building slab and erect the Behlen Building. Coleman entered into a subcontract

to purchase a prefabricated building from Behlen Manufacturing Company.

Plaintiff began erection of the building on September 21, 1965. On October 18, 1965, plaintiff completed erection of the building and on October 20, 1965, plaintiff billed Coleman in full for the erection of the building.

When plaintiff submitted his statement to Coleman, all work was completed except an obligation of subcontractor Behlen to provide fiber glass light panels. Fiber glass light panels were specified in the Behlen subcontract, but steel panels were installed in the building since proper fiber glass light panels were not received from the Behlen Manufacturing Company. On November 22 and 23, 1965, plaintiff-subcontractor returned to the job site with a set of fiber glass panels provided by Behlen Manufacturing Company, but the panels would not properly fit. Behlen's engineers went to the job site to determine what action should be taken.

On December 14, 1965, the plaintiff-subcontractor submitted a statement to Behlen Manufacturing Company in the amount of $177.00 for work performed on October 13, 1965, and November 22 and 23, 1965, which work was done by plaintiff in attempting to install fiber glass panels. On December 27, 1965, Behlen Manufacturing Company issued a check in the sum of $177.00 to the plaintiff.

Behlen Manufacturing Company then sent to the job site a new set of panels which plaintiff installed on December 30, 1965. Additional work was done on the panels by the plaintiff on February 5, 1966, for which Behlen was again billed by plaintiff. This time Behlen paid plaintiff-subcontractor $169.00 for the work performed.

On February 28, 1966, the plaintiff filed a subcontractor's lien with the Clerk of the District Court of Montgomery County, Kansas. The lien did not mention any work done or charges made subsequent to October 20, 1965.

The trial court made the following findings of fact and conclusions of law:

"1. The work performed by Berthot Construction Company after October 20, 1965, was part of the original contract and its performance was necessary to complete the job.

"2. The defendant Coleman was not a general agent of the Behlen Manufacturing Company.

"3. The Behlen Manufacturing Company and the plaintiff, Berthot Construction Company did not enter into a separate contract for the work performed after October 20, 1965.

"4. Plaintiff subcontractor's lien filed February 28, 1966 was filed within the statutory period."

After considering a motion to amend the judgment, the trial court further stated:

"The defendant argues in his motion the existence of a new contract between Behlen Manufacturing Company and the Berthot Construction Company. The Court has found that no such contract existed and is of the opinion that the existence of such a contract would in no way affect the performance required under the original contractual arrangements between the Coleman-Stroble and Berthot Manufacturing Company. The satisfactory completion of the roof was part of the original contract. The defendant Stroble didn't regard the contract as completed as he withheld and still holds $1200.00 of the original contract price. The work performed by Berthot Construction Company after October 20, 1965, was necessary to the completion of the original contract. The fact that Behlen Manufacturing Company paid Berthot Construction Company for the *additional* time, trouble and work they were required to perform because of the defective panels does not affect and is not deductible from the original contract price."

The defendant does not argue that the findings of fact made by the trial court are not supported by the evidence. He first claims that the work was completed on October 20, 1965, and the work performed by the plaintiff thereafter did not extend the time of completion of the project. If the time of completion was not extended by the work of plaintiff after October 20, 1965, the lien was not filed in time.

The trial court found the work was not completed until the plaintiff installed the fiber glass panels on December 30, 1965, and pointed out the installation of the fiber glass panels was part of the original contract between the contractor and the defendant landowner. Fiber glass panels were required in the original specifications.

We have held that the subcontractor is bound by the contract between the contractor and the landowner. (*Lang v. Adams,* 71 Kan. 309, 80 Pac. 593; *Eggleston v. White,* 113 Kan. 325, 214 Pac. 623.) We have also held that trivial isolated orders cannot serve to extend the time within which to file a mechanic's lien. (*Star Lumber & Supply Co. v. Mills,* 186 Kan. 204, 349 P. 2d 892.)

In *Benner-Williams, Inc. v. Romine,* 200 Kan. 483, 437 P. 2d 312, the contractor installed certain cabinets except the end splash for the cabinet top which was not installed until later since it was not available at the original installation time. The court held that the time for filing a mechanic's lien was extended since the installation

of the end splash was part of the original negotiations and stated the rule as follows:

". . . The test, under K. S. A. 1967 Supp. 60-1101 as to the time when a piece of work is completed in order to preserve a lien, is whether the unfinished work was a part of the work necessary to be performed under the terms of the original contract to complete the job and comply in good faith with the requirements of the contract. (Citing cases.) The 'end splash,' for which no additional charge was made, was part of the original contract, and its installation was necessary to complete the job. It is unrefuted that the delay in installation arose because of the lack of material, rather than any bad faith on the part of the appellee." (p. 487.)

Defendant argues the rule in *Benner-Williams* is not applicable because it involved a contractor, not a subcontractor. We have already pointed out that the subcontractor is bound by the contract between contractor and the landowner. Plaintiff's contract with the contractor is subordinate to the original landowner-contractor agreement. (*Lang v. Adams,* supra.) It follows that since the fiber glass panels were required by the original contract plaintiff was obligated to install them. This is consistent with the fact defendant didn't regard the contract completed in that he retained a portion of the original contract price. There being no showing of bad faith on the part of plaintiff, the completion of the original contract was extended to the time the fiber glass panels were installed. Thus, the time for filing the lien was likewise extended.

Defendant further claims the rule in *Benner-Williams* is not applicable in this case for other reasons. He argues that the plaintiff billed the contractor for the full contract price subsequent to October 20, 1965, and that the bill included only labor and material furnished to that date. He also argues that the plaintiff and Behlen, the other subcontractor, entered into a new and separate contract to install the fiber glass panels. Furthermore, Behlen paid plaintiff for the extra work under the separate contract.

After the building was erected and the steel panels were installed plaintiff performed according to his contract with Coleman. Although plaintiff was entitled to be paid the full contract price, he remained obligated to install the proper panels. Coleman was still obligated to the defendant to provide the fiber glass panels. Since plaintiff was bound by the contractor-landowner contract he was obligated to install the fiber glass panels. The fact that this created more work for the plaintiff justified plaintiff to seek pay-

ment for the extra work from Behlen, who caused the extra work by not furnishing the fiber glass panels at the time the building was being erected.

Assuming a separate contract to perform additional work was made and that Behlen paid plaintiff under the contract, this does not eliminate plaintiff's obligation to install the fiber glass panels. Defendant cannot effectively argue that since plaintiff was paid for the extra work plaintiff was not under an obligation to perform the work regardless of the arranged payment. The work having been done by plaintiff as a fulfillment of his contractual obligation, the performance of the work extended the time for filing a lien under the statute.

Defendant further claims the trial court erred in striking from the record the testimony of Coleman that a separate contract was made between plaintiff and Behlen concerning the installation of the fiber glass panels. From what we have hereinbefore said, this testimony if admitted would not be material to the outcome of this litigation.

In reaching these conclusions we were aware of the rule of construction applied to mechanics' liens as stated in *Lumber Co. v. Douglas,* 89 Kan. 308, 131 Pac. 563, where we said:

". . . The mechanic's lien, although unknown to the common law, is not to be given a narrow and strict construction. It is intended as an enlargement of the rights of those who furnish labor and material and who can not conveniently protect themselves in any other way. It is a general and remedial statute, and the rule that statutes in derogation of the common law shall be strictly construed does not apply to it. (Gen. Stat. 1909, § 9850.) On the contrary, such statutes are to be liberally construed with a view of advancing the beneficent purposes which the legislature was seeking to accomplish by the enactment." (p. 316.)

We affirm the trial court.