No. 46,541

WALTER G. CASE, JR., *Appellant*, v. SHERMAN H. CROUSE,
Warden, Kansas State Penitentiary, *Appellee.*

(502 P. 2d 785)

Opinion
filed November 4, 1972.

*Robert D. Beall,* of Leavenworth, was on the brief for appellant.

*Patrick J. Reardon,* county attorney, *Vern Miller,* attorney general, and *John A. Price,* special prosecutor, were on the brief for appellee.

*Per Curiam:* This is an appeal from an order of the district court summarily dismissing a petition for a writ of habeas corpus filed by the appellant, Walter G. Case, Jr., an inmate of the Kansas State Penitentiary. The appellee is the warden of the penitentiary. The proceedings were filed *pro se* and are designated as a "Petition for Writ of Habeas Corpus Ad Testificondum Pursuant K. S. A. 60-1505 et seq. [60-1501]."

Appellant contends he has been mistreated during his confinement in the penal institution; that his mistreatment is of a continuing nature; that his rights have been denied; that there are substantial issues of fact to be determined, and that habeas corpus is a proper remedy.

The same questions were before this court in *Levier v. State,* 209 Kan. 442, 497 P. 2d 265, and *Hamrick v. Hazelet,* 209 Kan. 383, 497 P. 2d 273. The opinions and decisions in those cases control the decision in the present case. In *Levier* this court said:

"As indicated, we have examined the regulations prescribed by the director of penal institutions respecting grievances and must conclude they are so vague and ambiguous as to be inadequate for their intended purpose. Appellants here have alleged they have unsuccessfully sought relief at the prison under those regulations. Counsel for appellees have suggested nothing by way of administrative action in response to the complaints made. Until such time as adequate administrative provision is made for an impartial resolution of factual issues underlying such complaints there is no alternative to judicial inquiry respecting the facts rather than limiting judicial review of administrative actions to its ordinary scope. When appropriate administrative procedures have been established then those remedies will be required to have been exhausted prior to resort to the courts." (p. 452.)

Pursuant to our admonition in *Levier*, the director of penal institutions has adopted revised rules and regulations. The *Kansas Penal System Policy, Guidelines, and Inmate Disciplinary Procedures* were made effective August 1, 1972.

The judgment is reversed and the case is remanded with directions to the district court to require the appellant to exhaust his administrative remedies and to order the state director of penal institutions to consider the matter under the inmate grievance procedure provided in the rules and regulations.