No. 46,747

JOHN V. DICK and GARY A. DICK, a partnership, doing business under the name and style of JOHN V. DICK CONSTRUCTION COMPANY, *Appellant*, v. LAVILLA INNS, INC., a corporation; ROBERT L. ARNOLD, WANDA J. ARNOLD, FLOYD BAIR CONSTRUCTION COMPANY, BEACHNER CONSTRUCTION COMPANY, INC., ROE PARSONS, JR., HOWELL READY MIX CONCRETE COMPANY, INC., JAMES BURGAN and THE FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF PITTSBURG, KANSAS, *Appellees*.

(510 P. 2d 188)

Opinion filed May 12, 1973.

*Kenneth H. Foust,* of Foust & Foust, of Iola, argued the cause and was on the brief for the appellant.

No appearance by appellees.

The opinion of the court was delivered by

OWSLEY, J.: This is an appeal from judgment on a contractor's lien. Appellant claims the trial court erroneously subtracted $21,500 from its judgment.

Appellant is the John V. Dick Construction Company, a partnership owned by John V. Dick and Gary A. Dick, hereafter referred to as Dick. As one of several lienholders, Dick brought suit to foreclose its $97,215.23 mechanic's lien and enforce its interest in property belonging to Robert L. Arnold and Wanda J. Arnold, and LaVilla Inns, Incorporated. Roe Parsons, Jr., a subcontractor hired by Dick, claimed a lien in the sum of $33,091.88. During the pendency of this action, Parsons was paid $21,500 by Western Casualty and Surety Company who furnished Dick's labor and material payment bond. The court took notice of the partial payment of Parsons' claim and accordingly reduced Parsons' judgment by $21,500. In addition, the court reduced Dick's judgment by $21,500.

Dick moved to make Western Casualty and Surety Company an additional party defendant. The court denied that motion, saying Dick previously had opportunity to interplead Western Casualty and had not done so. The court rationalized deducting the $21,500

from both judgments saying Parsons could not be allowed more than his unpaid balance and plaintiff could not be allowed more on that part of its claim attributed to its subcontractor than that subcontractor was entitled to receive.

Dick appeals from the reduced judgment and from the denial of its motion to make Western Casualty a party. None of the other parties brief the questions or appear before the court.

After careful examination of the record we conclude the trial court's action in reducing both Parsons' judgment and Dick's judgment by the amount paid by Dick's surety to Parsons results in a windfall of $21,500 for LaVilla Inns, Inc.

K. S. A. 1972 Supp. 60-1103 (*b*) sets forth the provisions for crediting payments to subcontractors against claims of the contractor.

"(*b*) *Rights and liability of owner.* The owner of the real property shall not become liable for a greater amount than he has contracted to pay the original contractor, except for any payments to the contractor made prior to the expiration of the three-month period for filing lien claims. The owner may discharge any lien which the contractor fails to discharge under this section and credit such payment against the amount due the contractor."

Only payments by the owner to the subcontractor can be credited against contractor's claim. It was error to deduct from contractor's claim the amount paid the subcontractor by contractor's surety.

The obligation of Dick to Western Casualty, if any, may be the subject of a separate action.

That portion of the judgment is reversed and remanded with directions to the trial court to enter judgment against defendant LaVilla Inns, Inc., in favor of John V. Dick and Gary A. Dick, a partnership d/b/a John V. Dick Construction Company, for the additional sum of $21,500.

Reversed and remanded with directions.

PRAGER, J., not participating.