(613 P.2d 394)
No. 50,523

DELBERT EUGENE HIGHMAN, *Appellant,* v. JAMES MARQUEZ, KENNETH OLIVER, *et al., Appellees.*

Opinion filed July 11, 1980.

*Edward J. Chapman, Jr.,* of Leavenworth, for appellant.

*James E. Flory,* assistant attorney general, and *Robert T. Stephan,* attorney general, for appellees.

Before SWINEHART, P.J., REES and SPENCER, JJ.

REES, J.: This is an appeal from the trial judge's summary dismissal, without hearing, of a pro se petition filed by plaintiff, an inmate of the Kansas State Penitentiary (KSP).

According plaintiff's petition requisite liberal construction, interpretation, we find ourselves compelled to conclude it is in the nature of initiation of a habeas corpus action brought to challenge the conditions of his confinement and for incidental relief not available in a habeas corpus action. The fact or duration of plaintiff's confinement is not challenged.

Before conditions of confinement may be reviewed in a habeas corpus proceeding, available administrative remedies must be exhausted. *Davis v. State,* 211 Kan. 257, 505 P.2d 293 (1973); *Case v. Crouse,* 210 Kan. 341, 502 P.2d 785 (1972). Failure to exhaust administrative remedies also bars claims for declaratory and injunctive relief. *Jarvis v. Kansas Commission on Civil Rights,* 215 Kan. 902, 905-906, 528 P.2d 1232 (1974); *Beaver v. Chaffee,* 2 Kan. App. 2d 364, Syl. ¶ 3, 369, 579 P.2d 1217 (1978).

Plaintiff does not allege there is no available administrative remedy. He alleges that resort to administrative remedy would be futile because the acts complained of are being committed by

persons in charge of the administrative process. It has been stated:

"Some cases suggest or hold that where it plainly appears that the administrative remedy would be of no value and fruitless, the party seeking judicial relief does not have to complete administrative procedure before resorting to the courts, particularly where the administrative agency is powerless to afford relief in the face of a decision of the highest court of the state, or under the rules and regulations as promulgated by the head of the department, or under the provisions of the governing statute. However, the mere fact that the administrative agency will probably deny the relief which would be asked of them is no ground for asserting that it would be futile to resort to the administrative agency." 2 Am. Jur. 2d, Administrative Law § 605, pp. 441-442.

Kansas cases have recognized that if no administrative remedy exists, then there is no choice but to provide judicial inquiry into the factual issues underlying an inmate's complaints. *Levier v. State,* 209 Kan. 442, 452, 497 P.2d 265 (1972); *Beaver v. Chaffee,* 2 Kan. App. 2d at 368-370. In *Beaver v. Chaffee,* it was held:

"In order for the exhaustion doctrine to apply there must be a remedy provided through administrative action, and there can be no remedy in this connection where the action of the agency amounts to no more than a recommendation.

"The mere possession by some official body of a continuing supervisory or investigatory power does not itself suffice to afford an 'administrative remedy' unless the statute or regulation under which that power is exercised establishes clearly defined machinery for submission, evaluation, and resolution of complaints by aggrieved parties." 2 Kan. App. 2d 364, Syl. ¶¶ 4, 5.

A grievance procedure for resolution of inmates' complaints exists for inmates at KSP. It is set out in the Department of Corrections Policy and Procedure Manual, § 215 (1977). The grievance procedure provides that an inmate shall first take his grievance to the institution's unit team, which is made up of the supervisory personnel in charge of an inmate's cell block. If the inmate receives an unsatisfactory response, he may appeal to the director of the institution. If the inmate receives an unsatisfactory response from the director, he may appeal directly to the secretary of corrections. If the inmate receives an unsatisfactory response from the secretary of corrections, he may refer the grievance to Legal Services for Prisoners, Inc., which will conduct an investigation and make a written report. The written report of Legal Services for Prisoners, Inc., is not binding upon the secretary of corrections. There is also a procedure for the handling of special problems and inquiries which would not fall into the area of normal grievances. These special problems and inquiries can be

made directly to the director of the institution, the secretary of corrections or the state pardon attorney.

Defendants argue plaintiff's conclusory statement that resort to administrative remedy would be futile is not sufficient. *Brown v. Crouse,* 395 F.2d 755 (10th Cir. 1968), involved a habeas corpus action from the State of Kansas where the inmate failed to resort to certain state remedies because he claimed it would be futile to do so; the court ruled that the inmate failed to demonstrate futility and required him to exhaust his state remedies. Defendants' argument is sound. Plaintiff's claim of futility is based upon the fact that the administrative process would in part be conducted by the persons guilty of the acts of which he complains. It appears personal involvement by prison personnel would occur only at the unit team level. Plaintiff does not allege personal contact with the director of KSP or the secretary of corrections. It is true that they would be vicariously responsible for the acts of the unit team, but this is not a solid basis for alleging bias or prejudice on their part, or futility of plaintiff's resort to administrative procedure.

Plaintiff's failure to exhaust his administrative remedies is fatal to his habeas corpus claim as well as his claims for declaratory and injunctive relief.

Plaintiff's petition includes a claim for money damages. Kansas has held that a habeas corpus proceeding is not the proper remedy for an inmate seeking damages. *Foster v. Maynard,* 222 Kan. 506, 513, 565 P.2d 285 (1977). Plaintiff's argument that he is not seeking money damages through habeas corpus but by allegation of alternative or additional causes of action is not persuasive. If his money damages claim or claims may stand alone, it is clear it or they are in the nature of civil claims in regard to which he is not entitled to court-appointed counsel. If for no other reason, we believe plaintiff's demand for appointment of counsel negates present contention his money damages claim(s) are of alternative or additional nature.

We hold the dismissal by the trial court must be sustained.

Affirmed.