(767 P.2d 293)

No. 61,683

JOHN EISENHUT and ERIC HOTZEL, *Plaintiffs/Appellees*, v. NELLIE M. STEADMAN, *Defendant/Appellant*, and COLUMBIA SAVINGS ASSOCIATION and HOWARD W. THOMAS, *Defendants*.

—

Opinion filed January 13, 1989.

*Kenneth M. Carpenter*, of Carpenter Chartered, of Topeka, for appellant.

*Michael C. Helbert*, of Helbert, Bell & Smith, Chartered, of Emporia, for appellee.

Before BRAZIL, P.J., M. KAY ROYSE, District Judge, assigned, and PHILIP C. VIEUX, District Judge, assigned.

ROYSE, J.: This action was brought to foreclose a mechanic's lien. Following trial, the district court entered judgment for the contractors. The owner of the property appeals, contending the court erred in finding the mechanic's lien was timely filed and denying credit for construction costs that remain unpaid. We affirm.

John Eisenhut and Eric Hotzel (contractors) are carpenters who had formed a partnership. They contracted with Nellie Steadman to do some remodeling work at her home. When the work was completed, Steadman refused to pay the contractors. Instead, Steadman provided them with a list of complaints and items that she wanted corrected. The last work on that list was completed on February 28, 1985, according to Eisenhut.

The contractors demanded payment by letter dated March 27, 1985, and received no response. On June 27, 1985, the contractors filed a mechanic's lien statement which reflected a total

claim of $4,843.43. This suit followed.

Steadman's first contention is that the trial court erred in finding the mechanic's lien was timely filed. K.S.A. 60-1102(a) requires that a lien statement be filed "within four (4) months after the date material, equipment or supplies, used or consumed was last furnished or last labor performed under the contract."

The trial court found that the last labor and material was supplied on February 28, 1985, and concluded that the mechanic's lien was filed within the time allowed by law. When the trial court has made findings of fact and conclusions of law, the function of an appellate court is to determine whether the findings are supported by substantial competent evidence and are sufficient to support the trial court's conclusions of law. *Williams Telecommunications Co. v. Gragg*, 242 Kan. 675, 676, 750 P.2d 398 (1988).

Eisenhut testified that the last day he and Hotzel worked on the house was February 28, 1985. He said that on that day they installed a plant stand, cleaned the knotty pine paneling, and tightened the front porch railing. Thus, there was substantial competent evidence that work was completed on February 28, 1985.

Steadman contends that, even if February 28 was the last day of work, the projects completed that day were insignificant and cannot be used to extend the time in which to file a mechanic's lien. The test as to when a piece of work is completed in order to preserve a lien is whether the unfinished work was a part of the work necessary to be performed under the terms of the original contract to complete the job and comply in good faith with the requirements of the contract. *Benner-Williams, Inc. v. Romine*, 200 Kan. 483, 487, 437 P.2d 312 (1968).

"It has been recognized that where a contract to furnish material is to be regarded as completed, a subsequent gratuitous furnishing of material in the nature of a substitution or replacement to remedy a defect in the material originally delivered will not operate to extend the time within which to file a mechanic's lien. But a demand of the owner for a substitution or replacement of material insisting that the contract is not complete and acceptable owing to some imperfection will operate to permit the contractor to continue the contract so as to include the date of the replacement of the material, and to validate a mechanic's lien filed within the statutory periods thereafter." *Stickney v. Murdock Steel & Engineering, Inc.*, 212 Kan. 653, 656, 512 P.2d 339 (1973).

In this case, Eisenhut met with Steadman at Columbia Savings

to collect the final payment. She refused to make the payment because she was dissatisfied with the work. She gave Eisenhut a list of things to be corrected. Eisenhut testified it took one and one-half to two weeks to complete the complaint list, and tightening the porch railing was one of the last things done on the project.

The record demonstrates that the contractors' work was not gratuitous but was performed in an effort to satisfy the demands and complaints of the owner regarding the work performed under the contract. The trial court did not err in concluding the mechanic's lien was timely filed.

Steadman's second argument on appeal is that the contractors should not recover under their mechanic's lien for the costs of material supplied by others, costs which the contractors have not paid. Steadman argues, in effect, that she should receive a credit against the judgment for any costs associated with the project which remain unpaid.

K.S.A. 60-1101 provides: "Any person furnishing labor, equipment, material, or supplies used or consumed for the improvement of real property, under a contract with the owner," acquires a lien for the "labor, equipment, material or supplies furnished, and for the cost of transporting the same." The statute imposes no condition to the lien, as is argued by Steadman, nor does the statutory language require prepayment of the costs associated with the project before the lien may be obtained.

While we find no Kansas cases directly on point, *Dick v. La Villa Inns, Inc.*, 212 Kan. 101, 510 P.2d 188 (1973), is instructive. In *Dick*, a contractor and a subcontractor brought suit against the owner to foreclose their liens. While the matter was pending, the subcontractor received a partial payment from the contractor's surety. The trial judge entered judgment for the plaintiffs but reduced each judgment by the amount of the surety's payment. The Supreme Court reversed the decision of the trial court. Even though the contractor had not paid the subcontractor, the contractor was entitled to the full amount of its claim. "Only payments by the owner to the subcontractor can be credited against contractor's claim. It was error to deduct from contractor's claim the amount paid the subcontractor by contractor's surety." 212 Kan. at 102.

We have considered the policy arguments raised by Steadman

and do not find them persuasive. The provisions for subcontractors' liens do not require a restrictive interpretation of K.S.A. 60-1101. The trial court did not err in granting the contractors a judgment for the full amount of their claims.

Steadman's final argument on appeal is that she was denied a fair trial because of a conflict of interest on the part of counsel representing the contractors. Nothing in the record discloses that this argument was presented to the trial court. "A point not raised before or presented to the trial court cannot be raised for the first time on appeal." *Kansas Dept. of Revenue v. Coca Cola Co.*, 240 Kan. 548, 552, 731 P.2d 273 (1987).

Steadman asserts in her brief that the contractors' counsel is the partner of the city attorney and that the contractors were subject to municipal prosecution for failure to obtain a contractor's license. The contractors' counsel, in his brief, denies that his firm is responsible for prosecuting code violations. A party must designate an adequate record on appeal to substantiate contentions made to the appellate court. Without such a record, claims of alleged error must fail. Assertions in an appellate brief are not sufficient to satisfy inadequacies in the record on appeal. *Rural Water Dist. No. 6 v. Ziegler Corp.*, 9 Kan. App. 2d 305, 310-11, 677 P.2d 573, *rev. denied* 235 Kan. 1042 (1984).

Affirmed.