No. 68,421

WILLIAM L. FLETCHER, *Appellant*, v. MICHAEL NELSON, *et al.*,
*Appellee.*

(855 P.2d 940)

Opinion filed
July 9, 1993.

*Gerald J. Domitrovic*, of Wichita, argued the cause and was on the brief for appellant.

*Brian R. Johnson*, legal counsel, El Dorado Correctional Facility, of El Dorado, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

SIX, J.: This is a prisoner's rights case. A pro se habeas corpus petition framed under K.S.A. 60-1501 challenged the decision of the El Dorado Correctional Facility (EDCF) to withhold certain incoming mail addressed to petitioner William Fletcher. Fletcher alleged that his First Amendment rights were violated by EDCF's refusal to deliver religious and racially oriented material addressed to him.

Warden Michael L. Nelson, a defendant, filed a motion for summary judgment opposing Fletcher's claims (the two other defendants are Ronald Dow, chaplain, and Don E. Thomas, deputy warden). The trial court granted the motion. Our jurisdiction is under K.S.A. 20-3018(c) (transfer from the Court of Appeals on motion of this court).

We do not address the constitutional claims. We affirm on the basis of Fletcher's failure to exhaust administrative remedies.

## Facts

Fletcher asserts that prison officials withheld delivery of unidentified publications on the basis of security. His petition included attachments; however, he failed to specify the attachments upon which he relied to support his claims. Fletcher emphasized that he was "not in a movement to establish WHITE SUPREMACY in any kind of violent way, [the warden] has no proof or allegations to affirm such claims as PLAINTIFF is 'threat to security' . . . ." Fletcher concluded that the restraint of his religious freedom was "arbitrary and capricious and shows no rational basis." He sought multiple forms of relief, including a preliminary injunction and a trial to determine whether the restraint of his mail was illegal.

The warden's statement of uncontroverted material facts explained that prison officials may inspect and censor prisoner mail when there is a reasonable threat to institutional safety, order, or security under K.A.R. 44-12-601(i). The EDCF mail censorship procedure was described, and the regulations controlling the processing of inmate mail were attached to the summary judgment motion. EDCF policy specifies that when mail is withheld, an inmate has three days to appeal the decision to the warden. Paragraph 7 of the warden's uncontroverted facts stated: "On several occasions, certain publications addressed to [Fletcher] in this case have been rejected and excluded from delivery because the Mail Review Officer and the Warden determined that the publication contained information which posed a threat to institutional safety, order and security in violation of K.A.R. 44-12-601(i). The excluded publications included issues of the National Vanguard, publications of 'WAR' (The White Aryan Resistance), The Oklahoma Satirist and Know your Enemies by Col. Jack Mohr."

Fletcher filed an "Objection to Respondents Motion to Dismiss." We assume that this document is his response to the warden's motion for summary judgment. Fletcher's response fails to controvert the uncontroverted facts contained in the warden's motion as required by Rule 141(b) (1992 Kan. Ct. R. Annot. 124). Fletcher's response (1) advances an irrelevant argument concerning the United States Code; (2) argues that his petition cannot

be dismissed without a hearing; and (3) renews his motion for appointment of counsel.

The order granting summary judgment describes the aspects of the publications which were found to be objectionable. The judge reasoned that the material was designed to foster racial and religious hatred. He concluded that *Thomas v. U.S. Secretary of Defense*, 730 F. Supp. 362 (D. Kan. 1990), which involved white supremacist literature identical to the publications in the case at bar, controlled. The trial judge held that (1) K.A.R. 44-12-601(i), which is similar to the regulation upheld in *Thomas*, does not violate Fletcher's First Amendment rights; (2) the warden, his deputy, and the chaplain acted properly in censoring the subject literature because of security concerns; (3) the censored literature is not religious material within the meaning of the First Amendment; and (4) Fletcher had failed to exhaust his administrative remedies as required by *Highman v. Marquez*, 5 Kan. App. 2d 158, 613 P.2d 394 (1980).

Fletcher is represented by counsel on appeal.

## Summary Judgment

As a prologue to the analysis of the dispositive issues in the case at bar, we acknowledge the applicable rules of summary judgment. The trial court was required to resolve all facts and inferences which might reasonably have been drawn from the evidence, in favor of Fletcher. *Bacon v. Mercy Hosp. of Ft. Scott*, 243 Kan. 303, 306-07, 756 P.2d 416 (1988). On appeal, we must read the record in the light most favorable to Fletcher. *Bright v. Cargill, Inc.*, 251 Kan. 387, 392, 837 P.2d 348 (1992). Summary judgment is proper where the only question or questions presented are questions of law. *Bank IV Wichita v. Arn, Mullins, Unruh, Kuhn & Wilson*, 250 Kan. 490, 498, 827 P.2d 758 (1992). Fletcher must come forward with something of evidentiary value to establish a material dispute of fact, although he is not required to prove his case. See *Glenn v. Fleming*, 247 Kan. 296, 305, 799 P.2d 79 (1990).

Fletcher contends that a number of factual issues were relevant to the warden's motion for summary judgment. Fletcher asserts that the trial court only had a sample of one or two of the censored publications. He maintains that none of the warden's seven state-

ments of uncontroverted facts were dispositive of the case. According to Fletcher, the uncontroverted facts explained the procedure for censoring inmate mail and contained a statement in paragraph 7 that the warden had made a determination regarding the publications which contradicted the affidavit of the mail clerk, who had explained that the administrative appeals were still pending. He contends that the trial court's finding on administrative remedies was erroneous.

Although the trial court's order does not specify that the uncontroverted facts were deemed admitted, the findings in the order are consistent with the uncontroverted facts set out in the warden's motion and supporting memorandum. Consequently, the trial judge, under Rule 141, functionally deemed the facts admitted. See *Plummer Development, Inc. v. Prairie State Bank*, 248 Kan. 664, Syl. ¶ 1, 809 P.2d 1216 (1991).

### The Record On Appeal

The condition of the record on appeal prevents us from reaching Fletcher's constitutional claims.

Fletcher's initial petition failed to specify which censored publications provide the basis for his claims. The only censorship forms in the record deal with the Bible Law Course Program (material not at issue in the case at bar). One of his EDCF administrative appeals concerning the Bible Law material was granted by the warden. The warden's motion for summary judgment does not address the religious publications. Only the Oklahoma Satirist, one of the four publications claimed by Fletcher to have been censored, is in the record on appeal. The record does not include the censorship appeal forms for the publications claimed to be at issue. Consequently, we are unable to determine what was censored, the basis for any censorship, and the warden's disposition, if any, concerning any administrative appeals.

Fletcher carries the burden to include in the record on appeal any matter upon which he intends to base a claim of error. See *Gladney v. Sheriff of Leavenworth County*, 3 Kan. App. 2d 568, 598 P.2d 559 (1979). Without an adequate record on appeal to substantiate contentions, claims of alleged error must fail. *Eisenhut v. Steadman*, 13 Kan. App. 2d 220, 223, 767 P.2d 293 (1989).

### Failure to Exhaust Administrative Remedies

The warden contends that the record indicates that Fletcher has not exhausted his administrative remedies (*i.e.,* Fletcher failed to initiate an administrative appeal, as required by the EDCF regulations, to challenge the seizure of his mail). Fletcher did not counter the warden's contention on exhaustion of administrative remedies at the trial court level. He has not furnished a record on appeal which would permit us to conclude that the trial court was in error.

Administrative remedies must be exhausted before turning to a court through a habeas corpus proceeding for review of institutional censorship of prisoner mail. See *Highman v. Marquez,* 5 Kan. App. 2d 158.

Affirmed.