(926 P.2d 661)

No. 76,065

ROBERT BOOKLESS, *Appellant*, v. DAVID R. MCKUNE, WARDEN OF THE LANSING CORRECTIONAL FACILITY; THE KANSAS PAROLE BOARD; and THE KANSAS DEPARTMENT OF CORRECTIONS, *Appellees*.

Opinion filed August 9, 1996.

*Charles J. Cavenee*, of Legal Services for Prisoners, Inc., of Lansing, for the appellant.

*John R. Dowell*, assistant attorney general, and *Carla J. Stovall*, attorney general, for the appellee.

Before BRAZIL, C.J., PIERRON and ROYSE, JJ.

PIERRON, J.: Robert Bookless filed a petition under K.S.A. 60-1501 challenging the Kansas Parole Board's (KPB) decision to deny him parole. The district court rejected the several claims which Bookless raised and dismissed the petition. We affirm.

Bookless is currently serving a 10-year to life sentence for aggravated robbery and a 5 to 20-year sentence for aggravated burglary. The sentences began on March 21, 1978. Bookless had parole hearings in 1986, 1991, 1992, and 1993, where he was denied parole. In 1994, the decision of KPB was:

"Pass to March 1996. Pass reasons: serious nature and circumstances of the crime (inmate went into a store with a handgun and shot a person in there); history of criminal activities (long history with threats to the President of the United States); bad attitude (uncooperative; did not appear to want to provide information to the Board; came into hearing with a chip on his shoulder)."

Bookless then filed this K.S.A. 60-1501 action, which the trial court denied. In 1995 and 1996, Bookless appeared before the board again, where the decisions were respectively:

"After considering all the statutory factors contained in K.S.A. 22-3717, the decision of the KPB is as follows: Annual File Review: No change in prior order."
"After considering all the statutory factors contained in K.S.A. 22-3717, the decision of the KPB is as follows: Pass to March 1998. Pass reasons: serious nature & circumstances of the crime: history of criminal activities."

Bookless contends the 1978 version of K.S.A. 22-3717, in effect when he committed the crimes for which he is currently serving sentence, creates a liberty interest in parole. In making this contention, Bookless assumes K.S.A. 1978 Supp. 22-3717 applies to him. However, an exception to the fundamental rule of prospective application of statutes is that "if the statutory change does not prejudicially affect the substantive rights of the *parties* and is merely procedural or remedial in nature, it applies retroactively." *State v. Sutherland*, 248 Kan. 96, 106, 804 P.2d 970 (1991). Further: " 'As related to criminal law and procedure, substantive law is that which declares what acts are crimes and prescribes the punishment therefor; whereas procedural law is that which provides or regulates the steps by which one who violates a criminal statute is punished.' "

*State v. Sylva,* 248 Kan. 118, 119, 804 P.2d 967 (1991) (quoting *State v. Hutchison,* 228 Kan. 279, Syl. ¶ 8, 615 P.2d 138 [1980]). Thus, contrary to Bookless' assumption, his parole eligibility is not governed by K.S.A. 1978 Supp. 22-3717. Accordingly, his first contention fails.

Even assuming, for the purposes of argument, that K.S.A. 1978 Supp. 22-3717 applies to Bookless, his argument fails. Bookless cites *Greenholtz v. Nebraska Penal Inmates,* 442 U.S. 1, 60 L. Ed. 2d 668, 99 S. Ct. 2100 (1979), where the United States Supreme Court held that Nebraska's parole statute created a liberty interest in parole, and *Board of Pardons v. Allen,* 482 U.S. 369, 96 L. Ed. 2d 303, 107 S. Ct. 2415 (1987), where the Court held that Montana's parole statute created a liberty interest in parole. Bookless argues that K.S.A. 1978 Supp. 22-3717 is so similar to the Montana statute in *Allen* that Kansas also has created a liberty interest in parole.

As the State points out, in *Gilmore v. Kansas Parole Board,* 243 Kan. 173, 756 P.2d 410, *cert. denied* 488 U.S. 930 (1988), our Supreme Court distinguished *Greenholtz* and *Allen* and held that K.S.A. 1987 Supp. 22-3717 does not create a liberty interest in parole. 243 Kan. at 178-80. In particular, the Supreme Court noted language in K.S.A. 1987 Supp. 22-3717(e), which it reasoned merely empowers the KPB to place an inmate on parole. See 243 Kan. at 179.

K.S.A. 1978 Supp. 22-3717(1) contains language nearly identical to that found in K.S.A. 1987 Supp. 22-3717(e). The only difference is that the former statute refers to the Kansas Adult Authority (KAA), rather than the KPB, as the entity empowered to grant parole. K.S.A. 22-3707a indicates that the KAA and the KPB are substantively equivalent. Because K.S.A. 1978 Supp. 22-3717(1) and K.S.A. 1987 Supp. 22-3717(e) are substantively identical, K.S.A. 1978 Supp. 22-3717 does not create a liberty interest in parole.

Bookless also contends he is entitled to parole pursuant to the findings of the KPB. K.S.A. 1978 Supp. 22-3717(4) permits an inmate to be placed on parole "only when the Kansas adult authority believes that the inmate is able and willing to fulfill the

obligations of a law-abiding citizen or that the inmate should be released for hospitalization, deportation or to answer the warrant or other process of a court." Although his past parole records are not contained in the record on appeal, Bookless states that, in denying him parole, the KPB has previously made a specific finding that it did not believe that he was able and willing to assume the responsibilities of a law-abiding citizen. However, because the KPB made no such finding in passing him for parole in May 1994, Bookless argues the KPB believes he is able and willing to assume those responsibilities.

Once again, Bookless assumes that the 1978 version of the pertinent statute applies to him. As shown above, K.S.A. 1978 Supp. 22-3717(4) does not apply to him because it is not substantive in nature. Once again, Bookless' contention must fail.

Even addressing the merits of his contention, we find it fails for several reasons. First, we are unable to assess the KPB's previous parole determinations concerning Bookless because he has failed to include them in the record. "An appellant carries the burden to include in the record on appeal any matter upon which the appellant intends to base a claim of error. Without an adequate record on appeal to substantiate contentions, claims of alleged error must fail." *Fletcher v. Nelson*, 253 Kan. 389, Syl. ¶ 2, 855 P.2d 940 (1993).

Assuming Bookless' prior parole determinations by the KPB are as represented in his brief, K.S.A. 1978 Supp. 22-3717(4) contains no requirement that the KPB make an express finding of whether an inmate is able and willing to fulfill the obligations of a law-abiding citizen. In denying parole in May 1994 because of the serious nature of his crimes and his history of criminal activity, the KPB made an implicit finding that it did not believe Bookless was able and willing to fulfill the obligations of a law-abiding citizen.

Bookless bases his contention on the premise that the parole statute creates a liberty interest in parole. As our discussion of the first issue on appeal shows, K.S.A. 1978 Supp. 22-3717 does not create a liberty interest in parole.

Affirmed.