Larry Welch, Director Kansas Bureau of Investigation 1620 S.W. Tyler Topeka, Kansas 66612-1837
Dear Director Welch:
You ask our opinion regarding whether a 1998 legislative enactment[1] relating to expungement of arrest and diversion records should operate prospectively or retroactively, encompassing all covered arrests and diversions.
A new statute, K.S.A. 1998 Supp. 22-2410, provides for expungement of arrest records, when there has been no subsequent conviction. K.S.A. 1998 Supp. 21-4619 was amended to allow for expungement of diversions and arrest records related to diversions and convictions. Previously, the expungement of arrest records and diversions was not provided for by statute.
The rules on retroactive application of statutes are as follows:
 "If a statutory change does not prejudicially affect the substantive rights of the parties and is merely procedural or remedial in nature, it applies retroactively.
 "In criminal law and procedure, substantive law is that which declares what acts are crimes and prescribes the punishment.
 "In criminal law and procedure, procedural law is that which provides or regulates the steps by which one who violates a criminal law is punished."[2]
A remedial statute has been described as follows:
 "A definition is given of a remedial statute in 50 Am.Jur. 33, § 15, where the language reads: `Legislation which has been regarded as remedial in its nature includes statutes which abridge superfluities of former laws, remedying defects therein, or mischiefs thereof implying an intention to reform or extend existing rights, and having for their purpose the promotion of justice and the advancement of public welfare and of important and beneficial public objects, such as the protection of the health, morals, and safety of society, or of the public generally. Another common use of the term `remedial statute' is to distinguish it from a statute conferring a substantive right, . . .'"[3]
In testimony supporting this legislative enactment, the Judicial Council testified as follows:
 "At the request of the legislative members on the Judicial Council, the Criminal Law Advisory Committee was asked to study the expungement statutes. Reportedly, there was some confusion as to the meaning of `expungement.' Also, there apparently had been a number of inquiries as to why the statutes did not allow for expungement of arrest and diversion records. Ironically, procedure has been in place to expunge records of a conviction. Yet, the individual who was found not guilty, who was arrested but never charged or who was wrongfully arrested did not have the ability to remove the records of the proceedings from public view. The committee heard several stories from individuals who had been arrested because of misidentification and who had lingering concerns that some public records remained which could cloud the person's otherwise good name.
"Senate Bill 482 proposes a remedy for such situations."[4]
Retroactive application of this statute would not adversely affect anyone's substantive rights. It does not define a crime or a punishment. Moreover, we believe that based on the testimony of the Judicial Council, it was the assumption in the committee that it would be applied to past arrests to remedy an inequitable situation.
In summary, we believe that the 1998 legislative amendments to K.S.A. 1998 Supp. 22-2410 and K.S.A. 1998 Supp. 21-4619 should be applied retroactively to all arrests and diversions that meet the statutory criteria.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Steve Phillips Assistant Attorney General
CJS:JLM:SP:jm
[1] 1998 S.B. 482; L. 1998, ch. 131.
[2] Brookless v. McKune, 22 Kan. App. 2d 829, Syl ¶ ¶ 1, 2, 3 (1996).
[3] In re Brown's Estate, 168 Kan. 612, 617 (1950).
[4] Minutes, Senate Judiciary Committee, Attachment 1, Jan. 28, 1998.