**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 2 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MIKEL TRUMBLY,

       Petitioner-Appellant,

v.

KANSAS PAROLE BOARD;
ATTORNEY GENERAL OF
KANSAS,

       Respondents-Appellees.

No. 00-3083
(D.C. No. CV-96-3541-RDR)
(D. Kan.)

**ORDER AND JUDGMENT** *

Before **BRISCOE** , **ANDERSON** , and **MURPHY** , Circuit Judges.

     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner seeks a certificate of appealability (COA) in order to appeal the denial of his habeas corpus action brought pursuant to 28 U.S.C. § 2254. We note at the outset that because this action did not challenge the validity of his conviction or sentence, but rather its execution (specifically the allegedly unconstitutional denial of parole), the matter should have been characterized as one brought pursuant to 28 U.S.C. § 2241. See Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000). Petitioner needs a COA in either case. See id. at 869. Only if he has made the substantial showing that he has been denied a constitutional right is he entitled to a COA. See 28 U.S.C. § 2253(c)(2). This showing can be made if petitioner demonstrates that the issues are debatable among jurists, that a court could resolve the issues differently, or that the questions presented deserve further proceedings. See Slack v. McDaniel, 120 S. Ct. 1595, 1603-04 (2000). We have jurisdiction under 28 U.S.C. § 1291, and we review the district court's legal conclusions de novo. See Patterson v. Knowles, 162 F.3d 574, 575 (10th Cir. 1998).

Petitioner is serving two sentences of life imprisonment for first degree murder, for which he has been incarcerated since 1979. He was first considered for parole in 1994, at which point he was passed to 1997. He appealed that decision to the Kansas Parole Board, after which he pursued habeas corpus relief in the state courts before commencing this action.

The issues he raises on appeal are the same as those presented to the district court. He claims that based on the Kansas statutes in effect at the time of his incarceration, he has a protected liberty interest in parole based on his completion of the Inmate Program Agreement; that he also has a protected liberty interest in parole because the Kansas statutes in effect at the time of the offense contained mandatory language and limited the discretion of the parole board; the failure of the parole board to consider him for parole under the provisions in effect at the time of his offense violated ex post facto principles; and the parole board failed to provide both sufficient reasons for denying him parole and an impartial forum.

There is no constitutional right to conditional release prior to the expiration of a valid sentence. See Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979). Nonetheless, a state may create a liberty interest by using mandatory language in a statute which restricts the parole authority's discretion or creates a presumption of release. See id. at 11-12.

The inmate agreement petitioner signed states that the inmate understands that his parole release is "*in part*, contingent upon [his] satisfactory completion of [certain] programs." R. doc. 2, ex. A. (Emphasis added.) Nothing in the agreement mandates an inmate's release upon the successful completion of programs. Rather, the agreement merely extends the possibility of parole. See

-3-

Greenholtz, 442 U.S. at 11. Moreover, the clear language of the agreement does not constitute a promise of parole upon completion of the program agreement. Payne v. Kan. Parole Bd., 887 P.2d 147, 151 (Kan. Ct. App. 1994). Likewise, the statute establishing the program agreement program, Kan. Stat. Ann. § 75-5210a, does not confer a liberty interest in parole.

Petitioner also claims that he has a liberty interest in parole based on Kan. Stat. Ann. § 22-3717 (1978), which directed the Kansas Adult Authority (predecessor of the present Kansas Parole Board) to consider all pertinent information regarding the inmate and his offense and provided that the authority had the power to release inmates who were eligible when there was a reasonable probability that such inmates would not be a detriment to the community, but with the caveat that parole shall only be ordered in the best interest of the inmate. Contrary to petitioner's arguments, this language is in no way similar to the Montana statute determined to have created a liberty interest which provided that subject to certain restrictions, the parole board *shall* release or parole confined persons when there is a reasonable probability the prisoner can be released without detriment to the prisoner or the community. See Bd. of Pardons v. Allen, 482 U.S. 369, 376 (1987) (quotations omitted). The requirement that the paroling authority shall consider all pertinent information does not equate to the "shall release . . . when" requirement of Allen or the "shall order . . . release unless"

-4-

language of Greenholtz. See Greenholtz, 442 U.S. at 11. Rather, "the Kansas statute merely empowers the Board to place one on parole when the Board, in the exercise of its discretion, believes that the interests of the prisoner and the community will be served by such action." Gilmore v. Kan. Parole Bd., 756 P.2d 410, 414 (Kan. 1988). And, petitioner's arguments notwithstanding, the Kansas Supreme Court's interpretation of its own statutes is binding on this court "absent some conflict with federal law or overriding federal interest." Sac & Fox Nation v. Pierce, 213 F.3d 566, 577 (10th Cir. 2000).

Petitioner next claims that the Kansas Parole Board violated the constitutional prohibition against ex post facto laws by failing to consider his parole application under the laws in effect at the time of his offense and prior to the 1988 amendment to Kan. Stat. Ann. § 22-3717(4) (1978), which in pertinent part read:

> [a] parole shall be ordered only for the best interest of the inmate and not as an award of clemency. Parole shall not be considered a reduction of sentence or a pardon. An inmate shall be placed on parole only when the authority believes that the inmate is able and willing to fulfill the obligations of a law-abiding citizen. . . .

R. doc 2, ex. C.

In petitioner's case, the Kansas Court of Appeals held that because he was not eligible for parole until 1994, his initial parole hearing was governed by the 1988 amendment, which allowed release on parole of those eligible when the

board believes the inmate is able and willing to fulfill the obligations of a law abiding citizen. See R. doc 6, attach. B(2) (Kansas Court of Appeals Memorandum Opinion of Sept. 1, 1995) at 3. The state court of appeals determined that petitioner was in no way disadvantaged by the application of the 1988 version of the statute. See id. at 3-4. Moreover, even assuming the applicability of the 1978 version of the statute, there was no liberty interest in parole created under that version either. Bookless v. McKune, 926 P.2d 661, 663-64 (Kan. Ct. App. 1996).

Parole is a matter of grace under Kansas law, and parole decisions lie within the discretion of the paroling authority. See Lamb v. Kan. Parole Bd., 812 P.2d 761, 763 (Kan. Ct. App. 1991). Because petitioner cannot demonstrate how he was disadvantaged by the application of the 1988 amendment, his ex post facto argument must fail. As the Kansas Court of Appeals noted, "[t]here being no liberty interest in parole, it cannot be argued that the denial of parole, whenever it is done or under whatever statue involved, disadvantages a prisoner." R. doc. 6, attach. B(2) (Kansas Court of Appeals Memorandum Opinion) at 4.

Finally, petitioner claims that the reasons given for denying his parole application are constitutionally inadequate and that he was denied an impartial hearing because the Board failed to grant his parole. The reasons given for the parole denial were "Pass reasons: serious nature and circumstances of crime;

violent nature of crime; objections regarding parole." R. Doc. 6, attach. C. The reasons given were sufficiently specific to comply with the requirements of Kan. Stat. Ann. § 22-3717(k) (requiring that "if the board determines that other pertinent information regarding the inmate warrants the inmate's not being released on parole, the board shall state in writing the reasons for not granting the parole"). See also Payne, 887 P.2d at 152. Petitioner's argument that he was denied a fair and impartial hearing is without legal merit; he does not allege any improper procedure used by the board, nor does he claim any arbitrary or capricious action directed specifically at him.

Petitioner has failed to make the required showing of the denial of a constitutional right. Accordingly, the certificate of appealability is DENIED, and the appeal is DISMISSED.

Entered for the Court

Stephen H. Anderson
Circuit Judge

-7-